KEENE, APPELLEE, v. SCHNETZ ET AL., APPELLANTS.

(No. 1871—Decided November 16, 1983.)

*Mr. J. Douglas Drushal,* for appellee.
*Mr. Frank Cicconetti,* for appellant.

MAHONEY, P.J. Defendants-appellants Roger and Clara Schnetz appeal a trial court order entering summary judgment in favor of Maxine Keene, plaintiff-appellee, and ordering the forfeiture and sale of real property due to appellants' default on a land contract. We affirm.

The plaintiff-appellee, Maxine Keene, is the vendor, and defendants-appellants, Roger and Clara Schnetz, are the vendees of certain real property located in Sugar Creek Township in Wayne County, Ohio. On May 21, 1977, the parties executed a land contract for the sale and purchase of the property for $175,000. Appellants paid the appellee $20,000 at the time the contract was signed and agreed to pay the $155,000 balance plus interest at seven percent per annum in monthly installments of $1,200 due the fifth day of each month beginning July 5, 1977. The contract did not expressly provide for the acceleration of the debt on default but did say in relevant part:

"If any installment payment to be made by the Vendee under the terms of this contract is not paid by the Vendee when due or within thirty (30) days thereafter, the Vendor may initiate forfeiture of the interest of the Vendee in default, as provided by law."

On May 6, 1982, the Schnetzes were in default in their payments. The default continued longer than thirty days.

On June 21, 1982, Keene, through her attorney, mailed the following notice of forfeiture to the Schnetzes.

"Please be advised that I have been retained by Mrs. Maxine B. Keene to represent her in cancelling the land contract entered into between you and her on May 21, 1977, which land contract is recorded in Volume 499, Pages 653-56 of the Wayne County Records. This land contract covers the Sugar Creek Township, Wayne County, Ohio real estate which is described in more detail in the land contract. You have been regularly and frequently late by more than 30 days with the required payments under the land contract since July 1979. Mrs. Keene is now declaring it to stand forfeited unless you pay the entire outstanding principal balance due and owing under the land contract within 10 days of your receipt of this letter. You are further notified to vacate the premises within 10 days unless you have paid this in full within that time period. This notice is given to you pursuant to Ohio Revised Code Section 5313.06."

The notice was received by the appellants on June 26. On July 2, the Schnetzes paid Keene $5,000 which made them current on their installment payments but which did not satisfy the entire contractual obligation.

Appellee subsequently filed a complaint in the Wayne County Court of Common Pleas naming Roger and Clara Schnetz, the real estate salesman and all others having an interest in the property as defendants. The complaint requested, *inter alia,* forfeiture and cancellation of the land contract and sale of the property.

After all parties had answered, both Keene and the Schnetzes filed motions for summary judgment. The affidavits filed with the motions indicate that the facts recited above are not in dispute. On the basis of R.C. 5313.05 and 5313.06, the trial court denied the Schnetzes' motion and entered summary judgment in favor of Keene.

The Schnetzes appeal, contending:

"The trial court erred in granting summary judgment for plaintiff-appellee and ordering the equity of redemption of defendants-appellants in the land installment contract to be foreclosed."

R.C. 5313.05 provides:

"When the vendee of a land installment contract defaults in payment, forfeiture of the interest of the vendee under the contract may be enforced only

after the expiration of thirty days from the date of the default. A vendee in default may, prior to the expiration of the thirty day period, avoid the forfeiture of his interest under the contract by making all payments currently due under the contract and by paying any fees or charges for which he is liable under the contract. If such payments are made within the thirty-day period, forfeiture of the interest of the vendee shall not be enforced."

As of May 6, 1982, appellants had failed to make both the April and May payments and were clearly in default. They made no payments until July 2, eighty-six days after the default occurred. Because they failed to avoid forfeiture by making the payments currently due within thirty days of the April 6 date, appellee had a right to enforce forfeiture pursuant to R.C. 5313.05.

However, appellants cite R.C. 5313.06 which states:

"Following expiration of the period of time provided in section 5313.05 of the Revised Code, forfeiture of the interest of a vendee in default under a land installment contract shall be initiated by the vendor or by his successor in interest, by serving or causing to be served on the vendee or his successor in interest, if known to the vendor or his successor in interest, a written notice which:

"(A) Reasonably identifies the contract and describes the property covered by it;

"(B) Specifies the terms and conditions of the contract which have not been complied with;

"(C) Notifies the vendee that the contract will stand forfeited unless the vendee performs the terms and conditions of the contract within ten days of the completed service of notice and notifies the vendee to leave the premises.

"* * *"

On July 2, within ten days of receipt of Keene's notice, the Schnetzes gave Keene $5,000 representing the April,

May, June and July payments. They contend that the July payment prevents appellee from enforcing forfeiture and that, in the absence of an express acceleration clause in the contract, appellee cannot require them to satisfy the entire obligation. We do not agree.

An acceleration clause is not a prerequisite to the vendor's enforcement of a forfeiture of a vendee's interest in a land installment contract. R.C. 5313.05 and 5313.06 create a statutory right to forfeiture when certain conditions are met. In order to ascertain when a vendor may enforce forfeiture, the statutes must be read *in pari materia,* and effect must be given to both.

According to R.C. 5313.05, the vendor must wait thirty days from the vendee's default in order to enforce forfeiture. If during that thirty-day period, the vendee makes "all payments currently due under the contract" and pays "any fees or charges for which he is liable," the vendor cannot enforce forfeiture. Thus, the vendee has thirty days in which to become current on the contractual obligation and to cure his default. If the vendee does not cure his default within the thirty-day period, the vendor may initiate forfeiture by serving the vendee with a written notice that complies with R.C. 5313.06.

In the instant case, the parties agree that the written notice sent by the appellee and received by the appellants satisfies the statutory requirements. However, appellants contend that R.C. 5313.06(C) permits them to avoid forfeiture by paying all arrearages within ten days of their receipt of appellee's notice. Because appellants' interpretation of R.C. 5313.06(C) renders the thirty-day provision in R.C. 5313.05 a nullity, we cannot agree.

We note that R.C. 5313.05 permits a vendee to avoid forfeiture by making "all payments currently due under the contract" within thirty days of default. By contrast, R.C. 5313.06(C) allows a vendee

to prevent forfeiture by performing "the terms and conditions of the contract within ten days of the completed service of notice." Thus, we believe that the statutes give a vendee two opportunities to avoid foreclosure. The vendee may cure his default by making all payments currently due within thirty days of the default. However, if the vendee waits beyond the thirty-day grace period and forces the vendor to initiate proceedings pursuant to R.C. 5313.06, he can avoid forfeiture only by performing the terms of the contract — i.e., satisfying his entire obligation — within ten days of the receipt of the vendor's note. Had the legislature intended to give the vendee the right to avoid forfeiture after receiving the vendor's notice merely by becoming current in his payments, the language found in R.C. 5313.05 would have been repeated in R.C. 5313.06(C). Instead the latter requests that the premises be vacated.

The basic terms of the contract in the instant case require the vendor to sell and the vendee to buy the property for $175,000. Thus, pursuant to R.C. 5313.06, once the Schnetzes were more than thirty days in default and had received Keene's notice, they were required to pay the entire balance due on the $175,000 purchase price within ten days to avoid forfeiting their contractual rights.

Finally, appellants argue that appellee's past acceptance of late payments indicates an acquiescence in late payments and waives her right to forfeiture. The record reveals that appellants have repeatedly paid their installments after the payments were due. On two occasions, the appellee agreed to accept payments of the arrearages rather than to enforce forfeiture of appellants' rights. However, on both occasions, appellee clearly indicated that she did not intend to excuse payment and that she was not pleased with appellants' conduct. Appellee's past attempts to deal reasonably with appellants do not estop her from asserting her rights under the contract and the statutes.

We overrule appellants' assignments of error. The judgment is affirmed.

*Judgment affirmed.*

GEORGE, J., concurs.

BAIRD, J., dissents.

BAIRD, J., dissenting. While it is quite correct to observe that an acceleration clause is not a prerequisite to the enforcement of a forfeiture, it is, nonetheless, necessary that there be a default, and the existence of an acceleration clause may be necessary in order for there to be a default.

R.C. 5313.06 requires that written notice be sent to the vendee, and that such notice must provide that the contract will stand forfeited unless the vendee "* * * performs the terms and conditions of the contract within ten days * * *." R.C. 5313.06(C). In this case, after the vendees made their $5,000 payment within that time, the terms and conditions of the contract had been met. In the absence of an acceleration clause, late payment penalty clause, or language creating some further obligation, there is no further term or condition for them to meet. At the time the complaint was filed in this case, the vendees were not required under the terms of the contract to do or pay anything else whatsoever.

The ten-day notice is the only notice required by statute. If we say that the vendees can save themselves, after receiving the only notice they will ever get, only by payment of the entire future balance of the contract, we are saying that the existence of the notice requirement in itself is tantamount to the existence of an acceleration clause. The statute does not so provide, and the creation of such an onerous burden from a simple notice requirement seems to give birth to another of the ills which the statute was ostensibly designed to prevent.