**CHEMICAL BANK, Appellant,**

**v.**

**SULLIVAN et al., Appellees.**

[Cite as *Chem. Bank v. Sullivan* (1997), 121 Ohio App.3d 111.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–361.

Decided June 27, 1997.

*Joseph C. Schroeder*, for appellant.

*Robert Epstein*, for appellee.

SHERCK, Judge.

This accelerated appeal comes to us from an order of the Lucas County Court of Common Pleas which dismissed a vendor's foreclosure action on a land contract. Because we conclude that the trial court erroneously required the vendor to give a ten-day notice in order to perfect statutory jurisdiction, we reverse.

When appellees, Robert O. and Rosemary Sullivan, defaulted on their land contract, appellant, Chemical Bank as trustee for American Housing Trust II, instituted a statutory foreclosure suit. Appellees defended, arguing, *inter alia*, a lack of jurisdiction because appellant failed to give them a ten-day redemption notice prior to instituting the foreclosure suit. Appellees insisted that this notice was required by R.C. 5313.06.

The trial court agreed and dismissed the suit on appellee's motion for summary judgment. Appellant now appeals, urging us to reverse the trial court's determination that the ten-day redemption notice required by R.C. 5313.06 is a jurisdictional antecedent to a land contract foreclosure action.

In a default situation, a vendor under a land contract has two potential options available to reclaim the property. The first is a relatively summary procedure known as a forfeiture. If a defaulting vendee has paid on the contract for less than five years and accrued payments are less than twenty percent of the total purchase price, the vendor may institute a forfeiture action. R.C. 5313.07. The

vendor may institute this action only when the vendee has been in default for more than thirty days. Commencement of a forfeiture action may be had only after the vendor has served the defendant with a written notice identifying the contract and the terms of the contract which have been breached and notifying the vendee that the "contract will stand forfeited" unless the vendee satisfies the entire obligation under the contract within ten days. R.C. 5313.06; *Keene v. Schnetz* (1983), 13 Ohio App.3d 87, 89, 13 OBR 103, 104–106, 468 N.E.2d 125, 126–127. Alternatively, the vendor may, and in certain circumstances must, institute a traditional foreclosure action which would include a marshaling of liens, a judicial sale pursuant to R.C. 2323.07, and the court's approval of the sale prior to distribution of the proceeds.

The question before us is whether the legislature intended a foreclosing vendor to comply with the forfeiture requirements before instituting a foreclosure action. We conclude that the legislature did not intend this result.

R.C. 5313.07 governs a land contract foreclosure and provides that the action may be instituted "after the expiration of the period of time prescribed by [R.C. 5313.05 and 5313.06]."

R.C. 5313.08 governs when a land contract forfeiture may be brought and provides that the remedy may be sought only "after the expiration of the periods prescribed by [R.C. 5313.05 and 5313.06]." Moreover, the statute states that the procedure to be followed is dictated by R.C. Chapter 1923 (the forcible entry and detainer statute) and that the notice provision of R.C. 1923.04(A) is satisfied by the notice mandated in R.C. 5313.06.

R.C. 5313.05 provides:

"When the vendee of a land installment contract defaults in payment, forfeiture of the interest of the vendee under the contract may be enforced only after the expiration of thirty days from the date of the default. A vendee in default may, prior to the expiration of the thirty-day period, avoid the forfeiture of his interest under the contract by making all payments currently due under the contract and by paying any fees or charges for which he is liable under the contract. If such payments are made within the thirty-day period, forfeiture of the interest of the vendee shall not be enforced."

R.C. 5313.06 states:

"Following expiration of the period of time provided in section 5313.05 of the Revised Code, forfeiture of the interest of a vendee in default under a land installment contract shall be initiated by the vendor or by his successor in interest, by serving or causing to be served on the vendee or his successor in interest, if known to the vendor or his successor in interest, a written notice which:

"(A) Reasonably identifies the contract and describes the property covered by it;

"(B) Specifies the terms and conditions of the contract which have not been complied with;

"(C) Notifies the vendee that the contract will stand forfeited unless the vendee performs the terms and conditions of the contract within ten days of the completed service of notice and notifies the vendee to leave the premises.

"Such notice shall be served by the vendor or his successor in interest by handing a written copy of the notice to the vendee or his successor in interest in person, or by leaving it at his usual place of abode or at the property which is the subject of the contract or by registered or certified mail by mailing to the last known address of the vendee or his successor in interest."

Reading these statutes *in pari materia*, it is clear that the legislature intended that, in either a land contract forfeiture or a land contract foreclosure, the vendee have thirty days to cure a default. If within thirty days of default the vendee pays the amount due and any other charges arising from the contract, then the agreement proceeds as if no default occurred. It is also clear that the legislature intended that if a vendee remains in default for more than thirty days and a vendor institutes a forfeiture action through the notice described in R.C. 5313.06, then the vendee loses the right to cure and must satisfy his or her full obligation under the contract within ten days. If the vendee does not redeem the property within the ten days, he or she may be evicted by a forcible entry and detainer action.

Perhaps somewhat less clear is whether the legislature intended (as the trial court concluded) the same ten-day notice to be a necessary antecedent to foreclosure suits. R.C. 5313.07 allows institution of a foreclosure only after the expiration of the period described in R.C. 5313.05 and 5313.06. R.C. 5313.05 refers only to the thirty-day "cure" period. R.C. 5313.06 also refers to that same thirty-day period. Once the thirty days pass, R.C. 5313.06 allows forfeiture by service of a "written notice" that tells the vendee he or she has ten days to redeem the property. However, this "notice" is for the purpose of instituting a forfeiture proceeding and only a forfeiture proceeding. No mention is made of this ten-day period in the context of a foreclosure.

Additionally, the words "periods prescribed" are used when discussing forfeiture, R.C. 5313.08, while the singular "period of time prescribed" is used in the foreclosure statute, R.C. 5313.07. The only singular period of time appearing in both R.C. 5313.05 and 5313.06 is the thirty-day "cure" period specified in R.C. 5313.05 and incorporated by reference in R.C. 5313.06. Conversely, a forfeiture

involves "periods" which would be the thirty days plus the ten-day forfeiture notice time.

Finally, to require a ten-day redemption period in a foreclosure is, if not absurd, at least superfluous. The law of foreclosure permits the right of redemption up to the point the court ratifies the judicial sale—a period, minimally, of several months. We can ascertain no rational reason to tack on an additional ten days to this period. To do so would only serve to create confusion and set a trap for the unwary.

Therefore, we hold that the ten-day redemption notice required by R.C. 5313.06(C) applies only to land contract forfeiture proceedings, not land contract foreclosure suits. Accordingly, appellant's first assignment of error is found well taken.

Appellant's second assignment of error, contesting the grant of summary judgment because of the existence of genuine issues of material fact, is consequently rendered moot.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for proceedings consistent with this opinion. It is ordered that appellees pay court costs of this appeal.

*Judgment reversed.*

HANDWORK and KNEPPER, JJ., concur.