OPINION
{¶ 1} Appellant William Paul Mitchell, II appeals the decision of the Mount Vernon Municipal Court, Knox County, which ordered the forfeiture of his land contract interest in a parcel of real estate in favor of Appellee Leck Addair, Jr. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 10, 2002, appellant (buyer) and appellee (seller) entered into a land contract regarding the purchase of approximately seventeen acres of real estate in Union Township, Knox County. The property was essentially vacant, with merely a corncrib structure situated thereon. The parties' contract called for a purchase price of $57,400, payable as follows: Four hundred dollars down, and two thousand dollars paid at the time of possession. The remaining $55,000 was to be paid in monthly installments of one thousand dollars, payable by the first day of each month, commencing July 1, 2002. Interest was to accrue at six percent per annum, and the balance was to be amortized over a period of five years and four months. The contract further provided that a failure to make a monthly payment within thirty days after the due date would be deemed as a default, in which case the entire balance would become due at appellee's option.
 {¶ 3} Appellant thereafter made several regular payments as per the parties' contract. However, appellant began missing payments in January 2003. Appellee's then-counsel, Richard B. Murray, mailed a ten-day notice to appellant on February 14, 2003, to 1000 Gambier Street, Mount Vernon. The notice was returned to Murray with the handwritten marking "moved." Murray attempted to mail the notice a second time to the address of 803 W. Walnut St., Apt. C, again to no avail. On March 12, 2003, Murray mailed the notice, with a certificate of mailing, to 24 Cliff Street in Mount Vernon. The letter was not returned by postal authorities on this occasion.
 {¶ 4} In the meantime, on March 8, 2003, appellant contacted appellee and proffered a payment of one thousand dollars, representing the January 2003 payment. Appellant further offered to pay the remaining arrearage on a weekly basis. Appellee refused the proffer on the grounds that it was not payment in full of the amount due.
 {¶ 5} On April 15, 2003, appellee filed a complaint against appellant for forcible entry and detainer premised on the underlying land contract. Appellant filed a pro se answer seeking denial of any forfeiture. The matter proceeded to a bench trial. The trial court issued a written judgment entry in favor of appellee on June 16, 2003. Appellant also sought findings of fact and conclusions of law, which the court issued on July 29, 2003.
 {¶ 6} Appellant timely filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 7} "I. The trial court erred in ordering forfeiture of the land installment contract entered into by appellee and appellant on July 10, 2002."
 I. {¶ 8} In his sole Assignment of Error, appellant argues the trial court erred in ordering forfeiture of his interest under the land contract. We disagree.
 {¶ 9} Appellant's specific contention is that forfeiture was erroneous where he made an attempt to "cure" the default via his offer of March 8, 2003, and said offer was refused by appellee.
 {¶ 10} R.C. 5313.05[1] reads as follows:
 {¶ 11} "When the vendee of a land installment contract defaults in payment, forfeiture of the interest of the vendee under the contract may be enforced only after the expiration of thirty days from the date of the default. A vendee in default may, prior to the expiration of the thirty-day period, avoid the forfeiture of his interest under the contract by making all payments currently due under the contract and by paying any fees or charges for which he is liable under the contract. If such payments are made within the thirty-day period, forfeiture of the interest of the vendee shall not be enforced."
 {¶ 12} R.C. 5313.06 provides that forfeiture may be pursued by the vendor, following expiration of the time period provided in R.C. 5313.05, by serving a written notice on the vendee. The notice must be one which:
 {¶ 13} "(A) Reasonably identifies the contract and describes the property covered by it;
 {¶ 14} "(B) Specifies the terms and conditions of the contract which have not been complied with;
 {¶ 15} "(C) Notifies the vendee that the contract will stand forfeited unless the vendee performs the terms and conditions of the contract within ten days of the completed service of notice and notifies the vendee to leave the premises.
 "* * *" {¶ 16} In Keene v. Schnetz (1983), 13 Ohio App.3d 87, the Ninth District Court of Appeals held as follows: "[W]e believe that the [forfeiture] statutes give a vendee two opportunities to avoid foreclosure. The vendee may cure his default by making all payments currently due within thirty days of the default. However, if the vendee waits beyond the thirty-day grace period and forces the vendor to initiate proceedings pursuant to R.C. 5313.06, he can avoid forfeiture only by performing the terms of the contract — i.e., satisfying his entire obligation — within ten days of the receipt of the vendor's note." Id. at 90. We have followed the Keene analysis as well. SeeMiskimens v. Blickensderfer (Nov. 4, 1992), Coshocton App. No. 92-CA-12.
 {¶ 17} In the case sub judice, appellant was undisputedly in default per R.C. 5313.05 as of March 8, 2003, the date on which he attempted to remedy the missed payments by offering an arrearage payoff plan. However, under Keene, appellant's grace period had by then expired, and appellee had already begun the process of attempting to mail his ten-day notice. Thus, at that point appellant's only means of avoiding forfeiture was to satisfy the entire obligation.
 {¶ 18} We note the remainder of R.C. 5313.06 reads as follows regarding the ten-day notice requirement:
 {¶ 19} "Such notice shall be served by the vendor or his successor in interest by handing a written copy of the notice to the vendee or his successor in interest in person, or by leaving it at his usual place of abode or at the property which is the subject of the contract or by registered or certified mail by mailing to the last known address of the vendee or his successor in interest."
 {¶ 20} Appellant herein appears to concede he duly received the ten-day notice from appellee (see Appellant's Brief at 8), and otherwise sets forth no challenge to the service of the notice per se under R.C.5313.06. The record furthermore supports the conclusion that appellant, once in default, thereafter failed to so much as propose payment of the entire obligation under the land contract.
 {¶ 21} Accordingly, we are unpersuaded that the court erred in granting forfeiture in favor of appellee. Appellant's sole Assignment of Error is overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., Edwards, J., concur.
[1] Although the trial court applied remedies under Ohio's land contract statutes, we note R.C. 5313.01(B) appears to limit Chapter 5313 to land contract, for the sale of properties with "dwellings." SeeJohnson v. Maxwell (1988), 51 Ohio App.3d 137. However, as appellant failed to raise this issue before the trial court, we decline to further address it. State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168.