DECISION
{¶ 1} In August 2002, James D. Furniss entered into a plea bargain with the State of Ohio under the terms of which 25 of the 29 charges against him were dismissed. He pled guilty to four counts of gross sexual imposition and was sentenced to 12 years of incarceration, reflecting four sentences of three years each to be served consecutively. The 12-year sentence was a joint recommendation of the parties.
 {¶ 2} At sentencing, Mr. Furniss was adjudicated a sexual predator. He appealed the sexual predator finding, but nothing else. *Page 2 
 {¶ 3} Mr. Furniss filed his first petition for post conviction relief in 2005. He alleged constitutional error in his sentencing based uponBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. The trial court issued findings of fact and conclusions of law. Based upon the findings of fact and conclusions of law, the trial court dismissed the petition for post conviction relief. Mr. Furniss did not appeal the trial court's dismissal of his petition.
 {¶ 4} In August 2006, Mr. Furniss filed a second petition for post conviction relief based upon the ruling of the Supreme Court of Ohio inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The Foster case is based upon the Supreme Court of Ohio's interpretation ofBlakely, supra.
 {¶ 5} The trial court dismissed Mr. Furniss's second petition for post conviction relief. Mr. Furniss has pursued a direct appeal of this dismissal, assigning two errors for our consideration:
 [I.] THE TRIAL COURT ERRED IN AN "ABUSE OF DISCRETION" WHEN IT FAILED TO RECOGNIZE THAT FOSTER DOES APPLY TO DEFENDANT-APPELLANT AND THAT THE STATUTES WERE DEEMED UNCONSTITUTIONAL BY FOSTER AND SEVERED AND EXCISED IN THEIR ENTIRETY.
 [II] THE TRIAL COURT ERRED IN "ABUSE OF DISCRETION" WHEN IT STATED THAT DEFENDANT-APPELLANT CANNOT SATISFY UNTIMELY FILING AND RES JUDICATA ON HIS PETITION.
 {¶ 6} Because the issues involved in the two assignments of error overlap, we will address the assignments of error together.
 {¶ 7} The Ohio legislature has seriously restricted the time during which a person can pursue a petition for post conviction relief. A petition must be filed within 180 days of *Page 3 
the filing of the transcript of the proceedings in the court of appeals on the initial direct appeal. This time for filing has long since passed. See R.C. 2953.21(A)(2).
 {¶ 8} The Ohio legislature has allowed a narrow exception, which does not apply to Mr. Furniss's case. That exception is defined by R.C. 2953.23(A)(1). The exception does not allow for the filing of delayed or successive petitions for post conviction relief to contest any sentence except a sentence of death in a capital case. Mr. Furniss is not facing the death penalty, so R.C. 2953.23(A)(1) bars his second petition.
 {¶ 9} Because the trial court correctly dismissed Mr. Furniss's second petition for post conviction relief, the two assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is therefore affirmed.
Judgment affirmed. BROWN and FRENCH, JJ., concur. *Page 1