OPINION *Page 2 
{¶ 1} Defendant-appellant William Jones appeals the decision of the Mahoning County Common Pleas Court which denied his petition for post-conviction relief on the grounds that he failed to satisfy the statutory requirements for successive petitions. He contends that the court should have considered his filing to be an amended petition rather than a successive petition. In the alternative, he argues that he satisfied the requirements for a successive petition. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On January 6, 2006, a jury convicted appellant of four drug charges all relating to his sale of drugs to a confidential informant on three different occasions. On January 13, 2006, the court sentenced him to two concurrent eighteen-month sentences to run consecutively to two consecutive five-year sentences. On February 7, 2006, appellant filed a timely direct appeal, which resulted in Appellate Case Number 06MA17. The trial transcripts were filed in the appeal on December 28, 2006. His convictions were affirmed in December 2007.
 {¶ 3} In the meantime, appellant had filed three documents in the trial court on January 25, 2006. First, he filed a motion for review of judgment claiming that the confidential informant's testimony was not trustworthy. Second, he filed a motion for acquittal arguing that that indictment and discovery misled him, his counsel was ineffective, the victim's testimony violated his rights, and the task force maliciously prosecuted him.
 {¶ 4} Third, he filed a petition for post-conviction relief. Appellant quoted R.C. 2953.21(A) (the post-conviction relief statute) and generally argued that there was a denial of his rights rendering the judgment void or voidable under the state and federal constitutions. He then specifically claimed a violation of equal protection rights based upon R.C. 2935.14 (right to communicate with counsel or relative for those who cannot afford bail before confinement) and R.C. 2935.20 (right to communicate with counsel or with any person for purpose of obtaining counsel after arrest). *Page 3 
 {¶ 5} On February 16, 2006, the trial court overruled his motion for acquittal. On May 22, 2006, the state filed a motion for summary judgment regarding appellant's petition for post-conviction relief. The state urged that the petition raised issues that should have been raised in the direct appeal and thus those issues are now barred by the doctrine of res judicata, citing State v. Perry (1967),10 Ohio St.2d 175. On May 24, 2006, the court sustained the state's motion for summary judgment. Appellant failed to appeal this judgment.
 {¶ 6} On March 22, 2007, appellant filed what he coined an amended petition for post-conviction relief. Procedurally, he argued that his first attempt at filing a petition for post-conviction relief should not render this filing a successive petition. He urged the court to look at the substance of his past petition rather than the label he placed on it and characterized his prior petition as actually being a request for a stay and for an appeal bond. He also stated that as long as a petition was filed within the statutory deadline of one hundred eighty days from the time the trial transcripts were filed in the direct appeal, then the test for successive petitions need not be met. In the alternative, he urged that his petition satisfied the test for successive petitions as he was prevented from discovering what the record in the direct appeal would contain until the transcripts were filed on December 28, 2006.
 {¶ 7} Substantively, he argued that trial counsel rendered ineffective assistance of counsel at a pretrial and at sentencing. Regarding the pretrial, he complained that counsel should not have believed that the state's plea bargain offer was acceptable, counsel should not have sought a continuance after learning that appellant had decided not to plead guilty as planned, and counsel should have invoked his right to discover the name of the confidential informant prior to the failed plea agreement. Concerning sentencing, appellant's petition complained that counsel failed to invoke the prohibitions on judicial fact-finding underBlakely v. Washington (2004), 542 U.S. 296. He attached the transcripts from the pretrial and sentencing.
 {¶ 8} On April 11, 2007, appellant filed a motion for summary judgment, noting that the state had failed to respond to his petition. On April 20, 2007, the state filed a motion to dismiss appellant's petition as a successive petition which failed to establish any of the requirements for filing such a petition. *Page 4 
 {¶ 9} On April 24, 2007, the trial court denied appellant's motion for summary judgment and dismissed his petition on the grounds that it failed to meet any of the requirements for filing a successive petition. Appellant filed timely notice of appeal resulting in the present case. He filed his brief pro se and later successfully sought leave to supplement his brief based upon his claim that a new Ohio Supreme Court case affected his appeal.
 ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO {¶ 10} Appellant's first two assignments of error, contained in his original brief, provide:
 {¶ 11} "IT IS PLAIN, REVERSIBLE ERROR FOR TRIAL COURT TO FAIL TO ISSUE FINDINGS CONCLUSIONS ON AN AMENDED PETITION FOR POST-CONVICTION RELIEF THAT WAS PROTECTED BY PROCEDURAL AND SUBSTANTIVE SAFEGUARDS."
 {¶ 12} "IT IS AN ABUSE OF DISCRETION TO ABDICATE A SUBSTANTIVELY-AUTHORIZED, MERITORIOUS PLEADING FOR THAT SPECIES OF PLEADINGS QUESTIONABLY ABLE TO SURVIVE BEING SUMMARILY DISMISSED."
 {¶ 13} R.C. 2953.21(D) provides that the state shall respond to a petition for post-conviction relief by answer or motion ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown. This division also states that either party may move for summary judgment within twenty days from the date the issues are raised. Pursuant to R.C. 2953.21(F), the petitioner may amend the petition without leave or prejudice to the proceedings at any time before the state's answer or motion is filed.
 {¶ 14} Since the state failed to file an answer or motion within ten days, failed to move for leave to file and failed to timely file its summary judgment motion regarding appellant's original petition, appellant claims that the current petition constitutes an amended petition rather than a successive petition. However, there are some problems with this conclusion.
 {¶ 15} Unlike the jurisdictional requirements for timely filing the petition itself, the time periods for the state's responses are directory, not mandatory. State v. *Page 5 Bryant, 7th Dist. No. 04MA109, 2005-Ohio-5054, ¶ 6, 19. In fact, the state is not even required to respond in order to avoid the granting of post-conviction relief as the trial court can analyze the petition on its own prompting. See, e.g., State v. Wiles (1998), 126 Ohio App.3d 71,78 (11th Dist.).
 {¶ 16} Appellant's deductions also fail to recognize that the existence of a state response is irrelevant after the court issues an order resolving the case. Here, the court granted the state's summary judgment motion and thus denied appellant's original petition ten months before he attempted to amend it.
 {¶ 17} It is the court's judgment that rendered his first petition at end for purposes of amendment here. Although appellant alleges there are issues with the timeliness of the state's motion for summary judgment on the original petition, the court's failure to provide appellant time to respond and a failure to provide findings of fact and conclusions of law, such matters are not jurisdictional and did not act to render the court's judgment on the first petition something less than a final appealable order. Consequently, if appellant had problems with the processing of his original petition, he should have appealed the court's decision thereon.
 {¶ 18} This means that appellant's March 22, 2007 petition was not an amended petition. Rather, it was a successive petition. Contrary to appellant's alternative procedural argument, it is irrelevant that the successive petition was filed within one hundred eighty days of the December 28, 2006 filing of the trial transcript in the direct appeal. Although both untimely and successive petitions are governed by the statutory requirements of R.C. 2953.23(A), the categories are not synonymous. That is, the language of the statute clearly reveals that a successive petition is governed by the test of R.C. 2953.23(A)(1) even if it was timely filed.
 {¶ 19} Notwithstanding appellant's additional contention, this court cannot read his original petition as merely a mislabeled motion for a stay and for bail. Although his original petition did ask for a stay and for release on personal recognizance pending resolution of the issues raised, appellant also asked for a stay in his motion for review of judgment and in his motion for acquittal. In fact, he later asked for bail pending appeal in a specific motion dedicated to such subject. *Page 6 
 {¶ 20} Most importantly, the petition was not only expressly labeled a post-conviction petition, but it asked for post-conviction relief in its text, it parroted the language of R.C. 2953.21(A) regarding the statutory basis for post-conviction relief, and it set forth two statutes allegedly violated regarding his pretrial right to communicate with someone in order to obtain bail and counsel. See R.C. 2935.14; R.C.2935.20.
 {¶ 21} Merely because appellant did not set forth proper arguments to support his original post-conviction petition does not mean that it never obtained the status as his first post-conviction petition. In other words, a poorly drafted petition lacking in reference to factual specifics or substantive argument does not give a petitioner a second bite at the apple that is the original petition.
 {¶ 22} For all of these reasons, we must uphold the trial court's finding that appellant's March 22, 2007 amended petition was actually his second or successive petition. As such, the trial court was not required to issue findings of fact or conclusions of law in support of its dismissal. State ex rel. Carroll v. Corrigan (1999),84 Ohio St.3d 529, 530; State v. Newman (Dec. 24, 2001), 7th Dist. No. 00CO52 (although the trial court must issue findings and conclusions when denying a timely filed initial petition, the trial court is not required to issue findings and conclusions when denying an untimely or a successive petition).
 {¶ 23} As for the complaint that the state's motion to dismiss (regarding the second petition) was late or that the court ruled without providing appellant an opportunity to respond to the state's motion, the court was ruling on appellant's petition and his motion for summary judgment. The court did not mention the state's motion. In any case, if the statutory test for filing a successive petition was not met, the court can act on these documents alone. That is to say, a court does not need any filing from the state in order to deny a petitioner's motion for summary judgment and dismiss his improper successive petition.
 {¶ 24} This leads us to the issue of whether appellant satisfied the test for filing a successive petition. As aforementioned, appellant's second petition revolved around his allegations of ineffective assistance of trial counsel. His petition set forth two main *Page 7 
arguments: ineffective assistance as evidenced by the pretrial transcript and ineffective assistance as evidenced by the sentencing transcript.
 {¶ 25} A successive petition must show that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or that the United States Supreme Court recognized a new retroactive federal or state right. R.C. 2953.23(A)(1)(a). The petition must also show by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact-finder would have found the petitioner eligible for the death sentence. R.C 2953.23(A)(1)(b).
 {¶ 26} Initially, we note that appellant fails to allege that the United States recognized a new retroactive right after he filed his original petition. R.C. 2953.23 (A)(1)(a). Thus, he must establish the first option within the first prong of the test: that he was unavoidably prevented from discovering the relevant facts. In support of this option, appellant states that at the time he filed his first petition, he did not yet know what would be assigned in his direct appeal. He assumes that he was thus unavoidably prevented from making the current arguments.
 {¶ 27} The post-conviction statute gives a defendant one hundred eighty days from the filing of the trial transcripts in the court of appeals to file a timely original petition; this way the defendant will not be pressured to file his petition before consulting with appellate counsel about the merits of the direct appeal and the contents of the trial record and before independently pondering what evidence may exist outside the trial record. A defendant is not unavoidably prevented from making arguments in an original petition merely because that defendant failed to wait for the trial transcript to be completed or failed to order a pretrial transcript.
 {¶ 28} In any event, it is well-established that any issue that could have been or was raised in the direct appeal cannot be raised in a post-conviction relief petition. State v. Reynolds (1997),79 Ohio St.3d 158, 161; State v. Perry (1967), 10 Ohio St.2d 175, 180. The only exception is when trial counsel and appellate counsel were the same, which is not the case here. See State v. Cole (1982), 2 Ohio St.3d 112,114. A *Page 8 
civil post-conviction proceeding is a vehicle for raising issuesoutside of (or de hors) the record in the criminal case below, not those that exist within that record. See id.
 {¶ 29} The record referred to here is not just the one ordered for purposes of appeal but means the entire record of the lower court, whether ordered or not. Thus, the claims of counsel's ineffectiveness in handling the pretrial are part of the record below as are claims that counsel failed to raise a sentencing argument at the sentencing hearing. There is no indication that these issues could not have been raised in the direct appeal. As such, neither issue is the proper topic for post-conviction review.
 {¶ 30} In any event, the petition did not allege, let alone establish by clear and convincing evidence, that but for the error alleged in the petition, appellant would not have been found guilty of the offenses. In other words, appellant does not enlighten us as to why he would not have been found guilty if counsel had handled the pretrial differently.
 {¶ 31} His petition berated counsel for advising him to accept a plea agreement. However, a deal to dismiss the second degree and the third degree felonies in return to pleas to the two fourth degree felonies and a recommendation of a two year total sentence appears pretty favorable considering that he ended up being convicted on all counts and then received a total sentence of eleven and one half years. In any case, he did not end up accepting the agreement, and prejudice to the eventual guilty verdicts is not apparent. The suggestion that if counsel would not have asked for a continuance at the pretrial, then his speedy trial time would not have been tolled is without merit. That is, if counsel would not have asked for a continuance at the pretrial, then the case would have proceeded to trial as scheduled.
 {¶ 32} Finally, we note that, in an apparent attempt to show that he would not have been convicted but for an error, appellant's brief also refers to arguments, which he raised in his direct appeal. Specifically, he complains about other acts evidence, but this issue was raised in assignment of error number four of the direct appeal. He also objects to the weight of the evidence to support count four; yet, this entails his argument contained in assignment of error number two of the direct appeal where he contended that the state should have fully dried the crack cocaine before weighing it. *Page 9 
Additionally, he argues that the state failed to establish that one of the offenses took place in a school zone. However, he raised this argument in his direct appeal in assignment of error number three. As aforementioned, those claims that could have been or were in fact raised in the direct appeal are not the proper topic for post-conviction review. See Reynolds, 79 Ohio St.3d at 161; Perry, 10 Ohio St.2d at180.
 {¶ 33} Regardless, according to the plain language of R.C.2953.23(A)(1)(b), a sentencing error is not addressable in a successive petition unless the defendant was sentenced to death. See, e.g.,State v. Furniss, 10th Dist. No. 06AP-1116, 2007-Ohio-2213, ¶ 8. As such, appellant has not established the second required prong for filing a successive petition. For all of the foregoing reasons, the trial court correctly denied appellant's successive petition for failing to satisfy the test in R.C. 2953.23(A).
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 34} Appellant's third assignment of error, which was only raised by way of his supplemental brief, states:
 {¶ 35} "TRIAL COURT ERRED WHEN IT IMPOSED POSTRELEASE CONTROL SANCTION OF PUNISHMENT, THEREBY ENGENDERING ENTIRE JUDGMENT OF SENTENCE TO BE A NULLITY AND ABSOLUTE VOID."
 {¶ 36} We administratively allowed appellant to file a supplemental brief because he claimed that a newly released Ohio Supreme Court case dealing with a sentencing court's statements on post-release control was relevant to his appeal. That case held that a defendant is entitled to resentencing where the sentencing court fails to advise him that he is subject to post-release control. See State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250. Here, the sentencing court did advise appellant that he was subject to post-release control. Appellant complains, however, that the court improperly notified him that he can receive "up to" three years of post-release control whereas he believes his post-release control carries a mandatory three-year term. He then cites Hernandez v.Kelly, 109 Ohio St.3d 395, 2006-Ohio-126, ¶ 2 in support of his argument for resentencing. See, also, R.C. 2967.28.
 {¶ 37} The state responds that appellant was not injured by the court's language. The state alternatively claims that appellant's remedy is not a new sentencing hearing but use of R.C. 2929.191(A)(1), which allows correction of the *Page 10 
statement in the judgment entry regarding post-release supervision at any time before the offender is released. The state then distinguishes the two cases cited by appellant.
 {¶ 38} However, the issue regarding the language of the court's post-release control notice could have been raised in the direct appeal, making it an improper topic for a post-conviction relief petition. Notably, Hernandez was released in January 2006, before appellant's direct appeal was filed and long before his appellate brief was filed in the direct appeal. Furthermore, as aforementioned, sentencing issues are not the proper subject of a successive post-conviction relief petition unless the offender was sentenced to death. See R.C. 2953.23(A)(1)(b).
 {¶ 39} Regardless, appellant failed to raise any issue regarding post-release control to the trial court in his post-conviction petition. As such, he cannot raise it for the first time on appeal. See State v.Awan (1986), 22 Ohio St.3d 120, 122 (generally stating that errors not raised before the trial court need not be addressed on appeal);State v. Palmer, 7th Dist. No. 05JE47, 2006-Ohio-4606, ¶ 24
(specifically finding appellate waiver of issues not raised in a post-conviction petition). As such, this assignment of error must be overruled.
 {¶ 40} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 Donofrio, J., concurs. Waite, J., concurs. *Page 1