OPINION
{¶ 1} Defendant-appellant, Jamal A. Yusuf, appeals from a judgment of the Franklin County Court of Common Pleas denying his second R.C. 2953.21 petition for post-conviction relief without a hearing. We affirm.
 {¶ 2} In February 2006, appellant entered a guilty plea to four counts of aggravated robbery and one count of aggravated burglary. The trial court accepted appellant's guilty plea, found him guilty, and imposed a jointly-recommended sentence of *Page 2 
nine years in prison, to be served concurrently with a sentence imposed in another case. Appellant did not appeal that judgment.
 {¶ 3} On September 26, 2006, appellant filed in the trial court an R.C. 2953.21 petition for postconviction relief, claiming he was entitled to re-sentencing based on the Ohio Supreme Court case State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, as well as United States Supreme Court cases Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738. The trial court denied appellant's petition because it was untimely and because it was barred by res judicata. Appellant did not appeal that decision.
 {¶ 4} On July 21, 2008, appellant filed in the trial court a "Motion to Correct Improper Sentence." Although not citing to Foster, appellant again requested re-sentencing based on Blakely, Booker, andApprendi. The trial court again denied appellant's motion because it was untimely and barred by res judicata.
 {¶ 5} Appellant appeals from that decision and assigns two assignments of error. However, appellant's assignments of error do not address why the trial court had jurisdiction to consider his second postconviction petition.
 {¶ 6} We agree with the trial court's construction of appellant's "Motion to Correct Improper Sentence" as a second petition for postconviction relief. State v. Williams, 10th Dist. No. 06AP-742,2007-Ohio-1015, at ¶ 11, citing State v. Reynolds (1997),79 Ohio St.3d 158, syllabus. Pursuant to R.C. 2953.23(A), a trial court may not entertain a second or successive petition for postconviction relief for similar relief unless the petitioner satisfies one of the exceptions found in R.C. 2953.23(A)(1) or (2). See State v. Turner, *Page 3 
10th Dist. No. 06AP-876, 2007-Ohio-1468, at ¶ 10. Here, appellant's second petition requested the same relief as his first petition: re-sentencing. Therefore, appellant had to demonstrate that one of those exceptions applied before the trial court could consider his second petition. However, appellant did not allege, much less establish, that one of the exceptions applied to his second petition.
 {¶ 7} With regard to the exception set forth in R.C. 2953.23(A)(1), a trial court may not consider a second or successive petition for postconviction relief alleging sentencing errors unless the defendant was sentenced to death. R.C. 2953.23(A)(1)(b); State v. Furniss, 10th Dist. No. 06AP-1116, 2007-Ohio-2213, at ¶ 8; State v. Jones, 7th Dist. No. 07 MA 81, 2008-Ohio-1536, at ¶ 33; State v. Humphreys, 10th Dist. No. 06AP-811, 2007-Ohio-1014, at ¶ 7. Appellant's second petition alleged sentencing errors, but appellant did not receive a death penalty sentence. Therefore, R.C. 2953.23(A)(1) does not allow the trial court to consider appellant's second petition.
 {¶ 8} R.C. 2953.23(A)(2) also permits a court to consider a second or successive petition if the petitioner alleges that DNA results establish the petitioner's actual innocence. Here, appellant did not argue that DNA results established his actual innocence. Therefore, this exception does not apply.
 {¶ 9} Because appellant failed to establish the applicability of an exception that would allow the trial court to consider his second petition, the trial court lacked jurisdiction to entertain the petition for postconviction relief. Williams, at ¶ 20. Accordingly, the trial court did not err in denying appellant's second petition, although technically, the petition should have been dismissed for lack of jurisdiction. State v. Hamilton, 10th Dist. No. 03AP-852,2004-Ohio-2573, at ¶ 9. *Page 4 
 {¶ 10} Because the trial court lacked jurisdiction to consider appellant's second petition, appellant's assignments of error, which address the merits of his petition, are moot. State v. Hatfield, 10th Dist. No. 07AP-784, 2008-Ohio-1377, at ¶ 9. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
FRENCH, P.J., and SADLER, J., concur. *Page 1