[Cite as *State v. Robinson*, 2016-Ohio-952.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-798 |
| | | (C.P.C. No. 91CR-3723) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael S. Robinson, | : | |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on March 10, 2016

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Michael S. Robinson*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Defendant-appellant, Michael S. Robinson, appeals from a judgment of the Franklin County Court of Common Pleas denying his "motion to modify or reduce sentence."  For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}  In July 1991, Robinson was charged with two counts of aggravated murder in violation of R.C. 2903.01.  Each count carried a death penalty and firearm specification.  A jury found Robinson guilty.  The trial court sentenced Robinson to consecutive life sentences without parole for 30 years on each count, plus an additional 3 years for the use of a firearm.  Robinson appealed, and this court affirmed.  *State v. Robinson*, 10th Dist. No. 92AP-1739 (May 13, 1993).  The Supreme Court of Ohio declined jurisdiction.  *See*

*State v. Robinson*, 67 Ohio St.3d 1470 (1993); *State v. Robinson*, 85 Ohio St.3d 1486 (1999).

{¶ 3} In March 2006, Robinson filed a petition for postconviction relief arguing that the trial court violated *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, when it imposed consecutive sentences. The trial court denied Robinson's petition, and this court affirmed. *State v. Robinson*, 10th Dist. No. 06AP-368, 2006-Ohio-6649. In July 2007, Robinson filed a second postconviction petition wherein he requested a "minimum sentence." The trial court denied Robinson's second postconviction petition. Robinson appealed, but this court dismissed the appeal because he did not file a brief.

{¶ 4} In June 2015, Robinson filed a "motion to modify or reduce sentence," wherein he again challenged the trial court's imposition of consecutive sentences. The trial court denied this motion, finding it barred by res judicata. Robinson timely appeals from this denial.

## II. Assignments of Error

{¶ 5} Robinson assigns the following errors for our review:

> [1.] The trial court erred to the prejudice of appellant in imposing consecutive terms of imprisonment which does not comport with the fundamental fairness of the due process and equal protection clause(s) when it failed to make the findings required by R.C. 2929.02, 2929.03, 2929.04, and 2929.11, with any reasons supportive thereof in violation of the due process clause and equal protection of the United States Constitution.

> [2.] Whether the appellant was deprived of the right to effective assistance of counsel in violation of the Sixth & Fourteenth Amendments to the United States Constitution and Article I Section 10, 16 Ohio Constitution.

## III. Discussion

### A. First Assignment of Error – Challenge to Consecutive Sentences

{¶ 6} Robinson's first assignment of error asserts the trial court erred in imposing consecutive sentences for his two aggravated murder convictions. Because Robinson appeals from the trial court's denial of his June 2015 "motion to modify or reduce sentence," we consider his first assignment of error to be a challenge to that disposition. His June 2015 "motion to modify or reduce sentence" is properly construed as a petition

for postconviction relief. *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 6. A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "[W]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *Sidibeh* at ¶ 8, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).

{¶ 7} A trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. Further, we review a trial court's decision to deny a postconviction petition without a hearing under an abuse of discretion standard. *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8} Robinson's June 2015 postconviction petition was a successive postconviction petition and was untimely because he filed it more than 22 years after the filing of the trial transcript in the direct appeal. *See State v. Ruark*, 10th Dist. No. 15AP-142, 2015-Ohio-3206, ¶ 9, citing R.C. 2953.23(A). A trial court lacks jurisdiction to consider an untimely or successive petition for postconviction relief unless an exception applies under R.C. 2953.23(A)(1) or (2). R.C. 2953.23(A). However, these exceptions only apply when a defendant is challenging a conviction or a death penalty sentence. *See State v. Furniss*, 10th Dist. No. 06AP-1116, 2007-Ohio-2213, ¶ 8 (noting the exception in R.C. 2953.23(A)(1) permits a petitioner to challenge a sentence but only if it is a death penalty sentence); R.C. 2953.23(A)(2) (permitting a petitioner to establish, with DNA evidence, his actual innocence of either the offense, or, if he was sentenced to death, of the aggravating circumstance or circumstances forming the basis of the death sentence). As

noted above, Robinson is only challenging his consecutive life sentences. He was not sentenced to death and he is not challenging his convictions. Therefore, neither R.C. 2953.23(A)(1) nor (2) apply.

{¶ 9} Because no exception applied to permit the trial court to consider Robinson's June 2015 postconviction petition, the trial court lacked jurisdiction to entertain the petition. *See State v. Mason*, 10th Dist. No. 12AP-120, 2012-Ohio-4510; *State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770; *State v. Yusuf*, 10th Dist. No. 08AP-751, 2009-Ohio-1328. Therefore, we conclude the trial court properly denied the petition, though for a different reason than that expressed by the trial court. Accordingly, we overrule Robinson's first assignment of error.

### B. Second Assignment of Error – Ineffective Assistance of Counsel

{¶ 10} In his second assignment of error, Robinson claims he was denied effective assistance of counsel. This issue is waived because Robinson did not present any claim of ineffective assistance of counsel in his June 2015 postconviction petition. *See, e.g., State v. Gripper*, 10th Dist. No. 10AP-1186, 2011-Ohio-3656, ¶ 11 (failure to raise an issue in the trial court results in waiver of the issue for the purpose of appeal). On this basis, we overrule Robinson's second assignment of error.

## IV. Disposition

{¶ 11} Having overruled Robinson's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.

_____