[Cite as *State v. Jackson*, 2024-Ohio-2091.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

    Appellee

v.

BARNARD M. JACKSON

    Appellant

:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. 29944

Trial Court Case No. 2020 CR 01064

(Criminal Appeal from Common Pleas Court)

· · · · · · · · · · ·

O P I N I O N

Rendered on May 31, 2024

· · · · · · · · · · ·

BARNARD M. JACKSON, Pro Se Appellant

MATHIAS H. HECK, JR., by NATHAN B. VANDERHORST, Attorney for Appellee

· · · · · · · · · · · ·

LEWIS, J.

{¶ 1} Defendant-Appellant Barnard M. Jackson appeals from a judgment of the Montgomery County Court of Common Pleas denying his petition for postconviction relief. For the following reasons, we will affirm the judgment of the trial court.

    **I.   Facts and Course of Proceedings**

{¶ 2} On May 14, 2020, a Montgomery County grand jury returned an indictment

charging Jackson with one count of felonious assault (deadly weapon); one count of having weapons while under disability (prior offense of violence); one count of discharging a firearm on or near a prohibited premises (serious physical harm; one count of tampering with evidence (alter/destroy); and one count of improper handling of firearms in a motor vehicle. The charge for felonious assault also included a five-year firearm specification.

{¶ 3} Jackson's counsel filed a motion to suppress evidence on June 30, 2020. After a hearing but before a decision was issued on the motion, Jackson filed a pro se motion on August 24, 2020, requesting the court remove his counsel from the case so that he could represent himself. In response, counsel filed a motion to withdraw, citing a breakdown of communication. On September 16, 2020, Jackson and his counsel appeared in court regarding Jackson's request to represent himself and his trial counsel's request to withdraw. Although Jackson had indicated he wished to proceed pro se, he instead requested that new counsel be appointed. The trial court granted Jackson's request, and new counsel was appointed on September 18, 2020.

{¶ 4} On September 23, 2020, Jackson's newly-appointed counsel requested a two-week continuance. Before the next hearing was held, Jackson filed a pro se motion seeking to remove his new counsel and to represent himself. After Jackson's oral and written waiver of counsel on October 14, 2020, the court ordered Jackson's counsel to remain in the case solely as standby counsel.

{¶ 5} On October 21, 2020, a status conference was held at which the trial court confirmed with Jackson that he had no other evidence or filings pertaining to his motion to suppress. Upon receiving Jackson's confirmation, the trial court considered the matter

submitted and advised Jackson that a decision on the motion to suppress would be forthcoming. However, before a decision could be issued, Jackson filed a notice of appeal with this Court. Jackson later filed a motion to voluntarily dismiss the appeal, which was granted on December 24, 2020.

{¶ 6} While his case was pending in this Court, Jackson filed a motion in the trial court to dismiss the indicted charges based on a speedy trial violation. After Jackson's appeal was dismissed, the trial court held a brief hearing on the motion to dismiss on February 10, 2021. At the hearing, the State requested, and was granted, three weeks to file a response to Jackson's motion to dismiss, and Jackson was granted two weeks to file a reply to the State's response. Meanwhile, Jackson's second appointed counsel requested to withdraw due to new employment, and a different attorney was appointed as standby counsel.

{¶ 7} On April 23, 2021, the trial court overruled Jackson's motion to dismiss. His motion to suppress was overruled on June 18, 2021. A jury trial was scheduled for July 12, 2021.

{¶ 8} On the day of trial, Jackson agreed to enter no contest pleas to felonious assault with a reduced three-year firearm specification, having weapons while under disability, discharging a firearm on or near a prohibited premises, and improper handling of a firearm in a motor vehicle. In exchange, the State agreed to dismiss the tampering with evidence charge and to recommend an aggregate, indefinite prison sentence of five to six years. Jackson requested that his standby counsel be reinstated as counsel to accept the plea. The trial court reinstated Jackson's counsel and allowed Jackson to

confer with him before conducting a thorough Crim.R. 11 plea colloquy.

{¶ 9} Prior to sentencing, Jackson filed a pro se motion to withdraw his no contest plea but did not identify any basis or reasoning to withdraw his plea. At the sentencing hearing, the trial court overruled Jackson's motion to withdraw his no contest plea and imposed the agreed indefinite sentence of five to six years in prison. The trial court filed its judgment entry of conviction on August 5, 2021.

{¶ 10} Jackson filed a direct appeal from his convictions. His appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any issues with arguable merit on appeal. Jackson was given an opportunity to file his own pro se brief, which he did, and raised seven assignments of error for review. His first six pro se assignments of error concerned his right to a speedy trial, which he claimed had been violated. Jackson's final assignment of error challenged the trial court's decision overruling his presentence motion to withdraw his guilty plea. We rejected all of Jackson's assignments of error. *State v. Jackson*, 2d Dist. Montgomery No. 29226, 2022-Ohio-1522, ¶ 49. Additionally, we conducted an independent review of the record pursuant to *Anders*, which revealed no issues with arguable merit, and affirmed the judgment of the trial court. *Id.* at ¶ 48. The Ohio Supreme Court declined to accept jurisdiction. *State v. Jackson*, 167 Ohio St.3d 1473, 2022-Ohio-2633, 191 N.E.3d 461 (Table).

{¶ 11} While his direct appeal from his convictions was pending, on October 4, 2021, Jackson filed a petition for postconviction relief pursuant to R.C. 2953.21. The sole claim raised in the petition was that Jackson's speedy trial rights had been violated.

Jackson did not include a proper affidavit or any evidentiary material in support of his petition. The trial court overruled his petition for postconviction relief without a hearing on January 6, 2022, finding that it lacked jurisdiction to consider the petition due to the pending direct appeal. Jackson did not appeal from that decision.

{¶ 12} On August 16, 2022, Jackson filed a second petition for postconviction relief and requested a hearing. In his petition, Jackson stated that "the constitutional errors that entitles (sic) Petitioner for relief are all included on the record and was (sic) not raised either in direct appeal to the court of appeals, or the discretionary appeal in the Supreme Court of Ohio." Petition to Set Aside the Judgment of the Conviction or Vacate Sentence (August 16, 2022), p. 2. Jackson alleged ineffective assistance of counsel for failing to file a motion to suppress evidence relating to inconsistencies in the police report and a witness's statement. He further alleged that his speedy trial rights had been violated. No evidentiary materials or affidavits were submitted in support of his petition.

{¶ 13} On December 5, 2022, Jackson filed an amended petition for postconviction relief. Jackson again asserted that his counsel had been ineffective for failing to "pursue a meritorious suppression of evidence" involving statements by a purported witness. Jackson also argued that his counsel had been ineffective for failing to request a dismissal of his indictment due to a defect in the indictment. Included with Jackson's amended petition was a copy of a witness statement, a consent to search form of the witness, and six pages of a police report.

{¶ 14} On December 9, 2022, the State filed a response in opposition to Jackson's petition. The State argued that Jackson's claims were precluded by res judicata, both

because the claims could have been raised on direct appeal and because Jackson could have raised the claims in his prior petition. In the alternative, the State argued that even if they were not precluded by res judicata, Jackson's claims lacked merit.

{¶ 15} On December 16, 2022, Jackson requested leave of court to amend his petition a second time, which included the contents of his amended petition. In his amended petition, Jackson argued that his trial counsel was ineffective for failing to challenge the adequacy of the indictment. In support of his second amended petition, Jackson submitted a copy of the language of the specification at issue along with a copy of the indictment.

{¶ 16} On January 10, 2023, the trial court denied Jackson's request to amend his petition but permitted an additional 14 days to file a reply to the State's response. Jackson filed a delayed reply on February 6, 2023, in which he declined to file a "reply" or cite case law but "state[d] his opinion pertaining to the proceedings in this case[.]"

{¶ 17} Before the trial court ruled on Jackson's petition, Jackson filed a petition for writ of habeas corpus, which was rejected by the Seventh District Court of Appeals. *See Jackson v. Gray*, 7th Dist. Belmont No. 23 BE 0014, 2023-Ohio-4738.

{¶ 18} On September 19, 2023, the trial court overruled Jackson's petition for postconviction relief without a hearing. The trial court found that the issues presented in Jackson's petition were barred by res judicata because the issues could have been raised on direct appeal or in his prior postconviction petition, which the trial court had denied. Furthermore, the trial court found that Jackson's right to a speedy trial had not been violated and that his ineffective assistance of counsel argument failed due to Jackson's

self-representation. Additionally, based on statements Jackson made in his February 6, 2023 reply, the trial court found that Jackson's plea had been entered knowingly, intelligently, and voluntarily.

**{¶ 19}** Jackson timely appealed.

**{¶ 20}** Jackson raises the following four assignments of error on appeal:

1. The trial court refused to consider the merits contained in both (1) the timely amended petition (Docket Entry Dec. 5, 2022) and (2) motion for leave to amend the petition (Docket Entry Dec. 16, 2022) before it implied (sic) the doctrine of res judicata in its findings of fact denying the petition entirely.

2. The trial court erred when it denied the petition without conducting an (sic) hearing on the merits contained in the amendments as in the same indicated in the first assignment of error.

3. The trial court erred when it found in the underlying petition that the doctrine of res judicata was applicable because the court previously denied Appellant's October 4, 2021 petition for postconviction, omitting the merits contained in the petition itself, including the Affidavit of facts and the amended petition (see Docket Entries filed in Oct. 2021.)

4. The trial court erred when it allowed the state to untimely oppose the underlying petition for postconviction relief without first seeking leave of court pursuant to R.C. 2953.21(C).

## II.     Denial of Petition Without a Hearing

{¶ 21} In his first assignment of error, Jackson claims the trial court abused its discretion in denying his petition for postconviction relief and refusing to consider the substance of his motion for leave to amend his petition. Jackson argues in his second assignment of error that the trial court wrongfully denied his petition without first conducting a hearing. Finally, in his third assignment of error, Jackson again claims that the trial court erred in applying res judicata to deny his petition. Because Jackson's first three assignments of error are interrelated, we will address them together.

{¶ 22} The State responds that because Jackson had previously filed a petition for postconviction relief on October 4, 2021, the trial court was without jurisdiction to consider Jackson's second petition on August 16, 2022, or the subsequent amended petitions. Alternatively, the State contends that even if the trial court could have considered Jackson's petition, all his claims were precluded by res judicata and lacked merit.

### a. Petitions for Postconviction Relief

{¶ 23} Postconviction relief is governed by R.C. 2953.21, which provides that any person who has been convicted of a criminal offense and who claims that there was such a denial of the person's rights as to render the judgment void or voidable under either the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence. R.C. 2953.21(A)(1)(a)(i). The petition must state the grounds for relief relied upon and ask the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1)(a). "A petitioner shall state in the original or amended petition * * * all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so

stated in the petition is waived." R.C. 2953.21(A)(4). The petitioner "may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(b).

**{¶ 24}** A petition for postconviction relief " 'is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.' " *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 14 (2d Dist.), quoting *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). "[A] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *State v. Calhoun*, 86 Ohio St.3d 279, 281, 724 N.E.2d 905 (1999). "Therefore, a petitioner receives no more rights than those granted by the statute." *Id.*

**{¶ 25}** To prevail on a petition for postconviction relief, the defendant must establish a violation of his or her constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21(A)(1)(a)(i). Before a hearing may be granted on a petition for postconviction relief, the trial court must first determine "whether there are substantive grounds for relief." R.C. 2953.21(D). "In determining whether the petition states a substantive ground for relief, the trial court must consider the entirety of the record from the trial proceedings as well as any evidence filed by the parties in postconviction proceedings." *State v. Bunch*, 171 Ohio St.3d 775, 2022-Ohio-4723, 220 N.E.3d 773, ¶ 24, citing R.C. 2953.21(D). "If the record on its face demonstrates that the petitioner is not entitled to relief, then the trial court must dismiss the petition." *Id.*, citing

R.C. 2953.21(D) and (E). "If the record does not on its face disprove the petitioner's claim, then the court is required to 'proceed to a prompt hearing on the issues.' " *Id*., quoting R.C. 2953.21(F).

**{¶ 26}** A trial court's denial of a petition for postconviction relief is reviewed for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26069, 2014-Ohio-4602, ¶ 8. However, we review de novo whether the trial court had subject-matter jurisdiction to entertain an untimely, second, or successive postconviction petition. *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 20, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

### b. Jackson's Petitions

**{¶ 27}** Jackson first filed a petition for postconviction relief on October 4, 2021, alleging a violation of his speedy trial rights based on evidence contained entirely within the record. The trial court denied the petition, and Jackson did not appeal.

**{¶ 28}** Jackson filed a second petition on August 16, 2022, alleging that his constitutional right to effective assistance of counsel had been violated and again raising his speedy trial claims. Jackson stated that he had appealed his speedy trial violation on direct appeal but had not appealed the ineffective assistance of counsel claim "because he was unaware of all of his appealable rights at the alleged plea colloquy." The Petition to set Aside the Judgment of the Conviction or Vacate Sentence (Aug. 16,

2022), p. 4.

{¶ 29} Because the State did not file an answer or motion in response to Jackson's August 16, 2022 petition, Jackson was permitted by statute to "amend the petition with or without leave or prejudice to the proceedings." R.C. 2953.21(G)(2). Jackson amended his petition on December 5, 2022, asserting that his trial counsel had been ineffective for failing to "pursue a meritorious suppression of evidence" involving statements by a purported witness. Jackson also argued that his counsel had been ineffective for failing to request a dismissal of his indictment due to an alleged defect in the language of the indictment. Included with Jackson's amended petition was a copy of a witness statement, a consent to search form of the witness, and six pages of a police report.

{¶ 30} On December 16, 2022, after the State responded to the December 5, 2022 amendment, Jackson requested leave of court to make a second amendment to his August 16, 2022 petition in accordance with R.C. 2953.21(G)(3). Jackson again alleged that trial counsel had been ineffective for failing to challenge the defect in the specification of the indictment. However, Jackson sought to supplement his petition with two documents: 1) the statutory language of R.C. 2923.161, and 2) Jackson's indictment. The trial court denied Jackson's December 16, 2022 motion for leave to amend his petition a second time and denied his petition in its entirety on September 19, 2023.

### c. Trial Court's Jurisdiction

{¶ 31} It is undisputed that both Jackson's October 4, 2021 and August 16, 2022 petitions were timely filed. However, because the trial court denied Jackson's October 4, 2021 petition, the August 16, 2022 petition constituted a second and successive

petition. The court's judgment on the first petition, whether rightfully or wrongfully decided, constituted a final appealable order from which Jackson could have appealed. "An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code." R.C. 2953.23(B). Jackson, however, did not appeal the trial court's decision denying his October 4, 2021 petition, and that judgment of the trial court still stands.

{¶ 32} Postconviction proceedings are purely statutory, and the rights granted to a petitioner are "only those rights specifically enumerated in its provisions and no more." *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 28, citing *Calhoun*, 86 Ohio St.3d at 281, 714 N.E.2d 905. The postconviction statutes explicitly provide that a trial court "may *not* entertain a petition filed after the expiration of the period prescribed in division (A) of that section *or* a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies[.]" (Emphasis added.) R.C. 2953.23(A). Thus, even if the second petition is timely, the statute prohibits a trial court from considering a successive postconviction petition unless the statutory requirements of R.C. 2953.23(A)(1) or (2) are satisfied.[1] *State v. Jones*, 7th Dist. Mahoning No. 07 MA 81, 2008-Ohio-1536, ¶ 18. This is true even if the first petition was not decided on the merits but on procedural grounds. *State v. Smith*, 5th Dist. Stark No. 2002CA00424, 2003-Ohio-2494, ¶ 8-10.

---

[1] Although R.C. 2953.23(A)(2) is an exception to an untimely or successive petition for postconviction relief, it is inapplicable here. R.C. 2953.23(A)(2) applies to a select class of felony offenders who applied for DNA testing under R.C. 2953.71 through 2953.81 or under former R.C. 2953.82.

{¶ 33} "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

{¶ 34} "[A] petitioner who files an untimely or successive petition for postconviction relief under R.C. 2953.21 bears the burden of showing that he was unavoidably prevented from discovering the evidence on which the petition relies. A petitioner may make the required showing either by establishing a violation under *Brady* [*v. Maryland*], 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 [1963], or by demonstrating that he was previously unaware of the evidence on which the petition relies and could not have discovered it by exercising reasonable diligence." *State v. Johnson*, Ohio Slip Opinion No. 2024-Ohio-134, __ N.E. 3d __, ¶ 18. "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 36.

{¶ 35} Neither Jackson's August 16, 2023 petition nor his December 5, 2023 amended petition satisfied the requirements of R.C. 2953.23(A)(1)(a). First, Jackson did

not demonstrate that he was unavoidably prevented from discovering the facts upon which his postconviction claims depended. Second, Jackson did not allege that the United States Supreme Court had recognized a new federal or state right that applied retroactively to his situation.

{¶ 36} Jackson's first alleged constitutional violation involved his speedy trial rights. According to Jackson, "the constitutional errors that entitles (sic) Petitioner for relief *are all included on the record*[.]" (Emphasis added.) Petition to Set Aside the Judgment of the Conviction or Vacate Sentence (August 16, 2022), p. 2. Jackson did not produce any evidence from outside the record to support his alleged speedy trial violation. Consequently, Jackson has no reasonable argument that he was unavoidably prevented from discovering the evidence of his alleged speedy trial violation. Notably, Jackson raised a speedy trial violation argument in his direct appeal, which we considered and rejected. *Jackson*, 2d Dist. Montgomery No. 29226, 2022-Ohio-1522.

{¶ 37} Jackson's second alleged constitutional violation was a claim of ineffective assistance of counsel under two different theories, neither of which was based on a newly recognized federal or state right identified by the United States Supreme Court that applied retroactively or the facts of which were previously unknown to Jackson. According to Jackson, he did not previously allege any ineffective assistance of counsel claims because "he was unaware of all of his appealable rights at the alleged plea colloquy." The Petition to Set Aside the Judgment of the Conviction or Vacate Sentence (Aug. 16, 2022), p. 4. However, "[t]he purpose behind R.C. 2953.23 is to 'permit trial courts to consider factual information that may come to light after a defendant's trial, not

to permit defendants to advance new legal theories using the same underlying facts.' " *State v. Williamitis*, 2d Dist. Montgomery No. 21321, 2006-Ohio-2904, ¶ 18, quoting *State v. Hurst*, 5th Dist. Stark No. 1999CA00171, 2000 WL 93990, * 4 (Jan. 10, 2000). Because Jackson's petition attempted to raise new legal issues based on the same facts that were known to him prior to his conviction, he has failed to demonstrate that he was unavoidably prevented from the discovery of the facts upon which he must rely to present his claims for relief.

{¶ 38} Specifically, Jackson's alleged ineffective assistance of counsel claim regarding the failure to file a motion to suppress was based on evidence provided in discovery. Jackson indicated he received the police report from his initial attorney during a jail visit that took place "in the beginning of June 2020." Amendment to Petition for Postconviction Relief by Petitioner Pro Se (Dec. 5, 2022), p. 1. Jackson stated that the relationship between him and his attorney broke down because counsel would not respond to Jackson's inquiries about filing a suppression motion due to the "inconsistencies in the police report and the witness's alleged written statement." *Id.* at p. 3. This occurred prior to Jackson's filing a motion on August 24, 2020, asking the court to dismiss his counsel and let him represent himself.

{¶ 39} Jackson's allegation of ineffective assistance of counsel for failing to file a motion to dismiss the indictment due to a defect in the indictment was likewise not based on newly discovered evidence. According to Jackson, his first appointed counsel "refused to raise the issue" of a defect in the indictment, indicating that Jackson was, at a minimum, aware of the purported defect prior to his counsel's release from

representation on September 17, 2020. *Id.* at p. 8. Further, postconviction relief is available only for errors based upon facts and evidence outside the record. "Errors or deficiencies in an indictment are not outside the record; therefore, they can only be attacked on direct appeal." *State v. Grimm*, 2d Dist. Miami Nos. 96-CA-37 and 96-CA-38, 1997 WL 200550, * 2-3 (Apr. 25, 1997), citing *Midling v. Perrini*, 14 Ohio St.2d 106, 107, 236 N.E.2d 557 (1968). Because Jackson was aware of the facts upon which he relied long before he filed his petition, he was not unavoidably prevented from discovering them to allege the two ineffective assistance of counsel claims.

**{¶ 40}** Based on this record, Jackson failed to demonstrate that he was unavoidably prevented from discovering the facts upon which his postconviction claims depended or to allege that his claims were based on a new right recognized by the United States Supreme Court that applied retroactively. Because Jackson did not satisfy R.C. 2953.23(A)(1)(a), we need not consider whether he satisfied R.C. 2953.23(A)(1)(b), as a petitioner must satisfy both requirements in order for the trial court to consider an untimely or successive petition. *Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, at ¶ 26.

**{¶ 41}** In this case, the trial court lacked jurisdiction to consider the merits of the August 16, 2023 postconviction petition or its amendments, and dismissal of Jackson's petition was warranted. Where a trial court lacks jurisdiction to consider a successive petition because the petitioner failed to satisfy the requirements of R.C. 2953.23(A), the court likewise lacks jurisdiction to conduct an evidentiary hearing on that petition. *State v. Jackson*, 10th Dist. Franklin No. 18AP-758, 2019-Ohio-4995, ¶ 27. Consequently, the

trial court did not abuse its discretion in denying Jackson's petition without a hearing.

**{¶ 42}** Jackson's first, second, and third assignments of error are overruled.

### III. Timeliness of State's Response

**{¶ 43}** In his fourth assignment of error, Jackson argues that the trial court abused its discretion when it allowed the State to file an untimely response to his petition without first obtaining leave of court. But the State's failure to respond to Jackson's August 16, 2022 petition within the 10 days provided for in R.C. 2953.21(E) was immaterial, because the trial court lacked jurisdiction to consider Jackson's petition. Further, Jackson filed an amended petition on December 5, 2022. The State filed its response to his amended petition on December 9, 2022, only four days after Jackson's amended petition was docketed. Because the State's memorandum was filed in direct response to Jackson's amended petition, the State timely filed its memorandum within the 10-day period provided for by R.C. 2953.21(E). *State v. Begley*, 3d Dist. Defiance No. 4-19-11, 2019-Ohio-5297, ¶ 19.

**{¶ 44}** Finally, Jackson has failed to demonstrate that his substantial rights were affected by the trial court's consideration of the State's response. "Because the trial court has an independent obligation to analyze the petition under R.C. 2953.21(D), any error in allowing the State's response would be harmless." *State v. Marcum,* 2d Dist. Montgomery No. 29823, 2023-Ohio-4058, ¶ 22.

**{¶ 45}** Jackson's fourth assignment of error is overruled.

### IV. Conclusion

**{¶ 46}** Having overruled all of Jackson's assignments of error, the judgment of the

trial court will be affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.