FARMERS PRODUCTION CREDIT ASSOCIATION OF ASHLAND, APPELLEE, *v.* STOLL ET AL., APPELLANTS.

(No. 2231—Decided June 17, 1987.)

Kenneth J. Nordstrom, for appellee.

*Roger T. Stoll, pro se.*

GEORGE, J. This case concerns the sole shareholder of Haverhill Farm,

Inc., defendant-appellant, Roger T. Stoll. The corporation had no assets or liabilities except a cattle lease arrangement with Stoll. Stoll, in turn, subleased the cattle to Stillion Farms. Stillion Farms, Haverhill and Stoll had certain business dealings which included cattle leasing and boarding.

Haverhill sued Stillion in the Richland County Court of Common Pleas and Stoll was made a party to that litigation. A settlement agreement was reached. Farmers Production Credit, plaintiff-appellee, held a security interest from Stoll on one hundred head of cattle purchased from a farm sale. This security interest became the subject of the instant action.

Throughout the proceedings of this case in the trial court, Stoll employed counsel on and off, and represented himself when not represented by counsel. The record consists of numerous pleadings and motions. At Stoll's instance, six depositions of Farmers Production Credit's officers and employees were taken, five sets of interrogatories were answered, and books and records were produced more than once for Stoll's inspection. Once, Farmers Production Credit appeared at Stoll's home at the appointed hour to permit Stoll's inspection of additional records; however, Stoll was not at home.

This case provides an excellent example of the difficulty that a trial court experiences when dealing with an unrepresented party on one side of an action. The trial court's obligation is to see that justice is done. On occasion such a situation may require a closer monitoring of the proceedings to ensure that the unrepresented party is dealt with fairly. Here the record shows that was done. However, in being fair to the unrepresented party, the trial court may have difficulty in being fair to the represented party. Opposing counsel may be called upon to fulfill unwarranted demands simply because the other party is unrepresented. That also occurred here.

There are further difficulties which arise when one party is unrepresented on appeal. The judgment of the trial court provided that Stoll was liable to Farmers Production Credit for $20,000. No transcript of proceedings of the trial is included in the record, as provided by App. R. 9(B). Nor is there any substitute statement of the evidence as permitted by App. R. 9(C) and (D). Finally, no App. R. 9(B) statement has been filed to indicate that a transcript is not needed in order to consider this appeal. However, a representation has been made in this court that Stoll does not require the transcript for purposes of his appeal.

Stoll's brief is not in compliance with App. R. 16(A) and does not designate any specific assignments of error. A motion to dismiss his appeal has been denied.

While Stoll urges that he could not afford to hire counsel, to subpoena witnesses, or to pay for the transcript, there is no affidavit or finding that Stoll was indigent.

During oral argument Stoll complained that he was denied equal protection of the laws by the trial court. This claim, Stoll urges, is demonstrated by the pleadings. However, the pleadings are not evidence, *Hocking Valley RR. Co.* v. *Helber* (1915), 91 Ohio St. 231, 110 N.E. 481, paragraph three of the syllabus, and without the transcript of the trial proceedings, Stoll cannot demonstrate the error of which he complains.

For the foregoing reasons, Stoll's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.