JOURNAL ENTRY AND OPINION
Defendant-appellant Margery Stanley (appellant) appeals the judgment entered in the Rocky River Municipal Court in favor of plaintiff-appellee Corsaro, Giganti Assoc., L.P.A. (appellee) and against her on appellee's complaint on account. We find no error in the trial court's proceedings and affirm.
The record reveals that on July 21, 1999, appellee, a law firm, filed a complaint on account against appellant for legal services performed from August 26, 1998 through October 31, 1998 claiming that appellant owed a balance of $1,070 for services provided to her pursuant to a fee agreement which she executed on August 26, 1998. A copy of the executed agreement and the itemized statement of the legal services performed were appended to appellee's complaint. Although appellant failed to timely file an answer to the complaint, the record demonstrates that hearing was held on August 23, with both parties in court. Upon receiving the evidence, the Magistrate recommended judgment for appellee in the amount of $1070 and costs. On September 7, 1999, appellant filed a request for hearing before the judge and her objections to the Magistrate's recommended decision, which essentially challenged the sufficiency of the Magistrate's findings and conclusions of law and asserted that the Magistrate's decision was arbitrary and capricious. Moreover, although she failed to file a transcript of the proceedings or affidavit, appellant claimed that the Magistrate's findings were against the manifest weight of the evidence. On September 14, 1999, the Magistrate issued his report and recommendation which designated as its factual finding: (1) Plaintiff law firm provided legal services for defendant, which defendant agreed were performed for her. Plaintiff's statement for services accurately listed hours of services. The Magistrate's report concluded as a matter of law: (1) The court finds that the Plaintiff rendered services for the Defendant. The fees charged were reasonable and that services were necessary and beneficial to the Defendant. (2) Judgment for Plaintiff and against Defendant's [sic] in the amount of $1070.00. On September 15, 1999, appellee responded to appellant's objections. On September 26, 1999, the trial court rendered judgment in favor of appellee against appellant by judgment entry in which the court overruled appellant's objections to the Magistrate's report and adopted the Magistrate's recommended findings of fact and conclusions of law. On October 26, 1999, appellant filed her notice of appeal with the Rocky River Municipal Court. On appeal, appellant originally requested a complete transcript of proceedings pursuant to App.R. 9(B), however, on March 23, 2000, this court granted appellant's motion to amend her praecipe in conformance with App.R. 9(A). The within appeal follows in which appellant advances a single assignment of error for our review.
 THE COURT ERRED WHEN IT RULED THAT APPELLEE'S FEES WERE REASONABLE AND THAT THE SERVICES WERE NECESSARY AND BENEFICIAL TO APPELLANT.
In this appeal, appellant concedes the validity of the representation agreement between her and appellee. However, she challenges the decision of the court claiming that there was not one scintilla of evidence to support appellee's assertions. Appellant argues that the record is totally bereft of any evidence as to the reasonableness and/or fairness of the disputed fees concluding that the ruling of the court must be reversed as a matter of law.
In the present case, the record certified to this court is an App.R. 9(A) record and contains the original papers and a certified copy of the journal entries. The court of appeals is bound by the record before it and may not consider facts extraneous thereto. Paulin v. Midland Mutual Life (1974), 37 Ohio St.2d 109, 307 N.E.2d 908. Absent a transcript of the proceedings or its alternatives, a court will presume regularity and the validity of judgment of the trial court. Ostrander v. Parker-Fallis Insulation (1972), 29 Ohio St.2d 72, 74, 278 N.E.2d 363; In re Sublett (1959), 169 Ohio St. 19, 20, 157 N.E.2d 324; State v. Wolfe (Oct. 23, 1986), Cuyahoga App. No. 51124, unreported, at 5. Allegations raised in an appellate brief are not sufficient to overcome the presumption of regularity in a trial court's proceedings and judgment entered by the court. State v. Wolfe, supra at 5; Zashin, Rich, Sutula Monastra Co., L.P.A. v. Offenberg (1993), 90 Ohio App.3d 436, 629 N.E.2d 1057.
It is well-established that the duty to provide a transcript for appellate review falls upon the appellant. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. A review of the amended praecipe filed with the clerk reveals that appellant only requested the original papers and exhibits filed in the trial court and a certified copy of the docket and journal entries pursuant to App.R. 9(A). The record demonstrates that appellant has not provided this court a transcript of the trial below nor has appellant provided this court with a statement as permitted by App.R. 9(C). Where no transcript of proceedings of the trial is included in the record on appeal and no substitute statement of evidence is provided and no statement has been filed to indicate that transcript is not needed in order to consider the appeal, the appellant cannot demonstrate the error of which he complains, and the appellate court must affirm. Farmers Production Credit Assn. of Ashland v. Stoll (1987), 37 Ohio App.3d 76, 523 N.E.2d 899. A presumption of validity attends the trial court's action. Thus, in the absence of an adequate record, which is the appellant's responsibility, the court of appeals is unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237. Because appellant failed to request a transcript, we have no alternative but to presume the regularity and validity of the proceedings. Knapp, supra; Wiltsie v. Teamor (1993), 89 Ohio App.3d 380, 624 N.E.2d 772; Sasarak v. Sasarak (1990), 66 Ohio App.3d 744, 586 N.E.2d 172. See Shaker v. Allen (May 16, 1996), Cuyahoga App. No. 69112, unreported.
There is nothing in the record before us to support the appellant's claims in the assignments of error and we must presume regularity in the trial court's proceedings and the judgment entered by the court. Accordingly, we find appellant's sole assignment of error to be without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J., CONCUR.