OPINION
{¶ 1} Appellant, Lynn M. Hepfner, appeals a September 22, 2005, decision from the Columbiana County Court of Common Pleas. This decision was rendered following the parties' two-day trial. The trial court granted Appellant a divorce from Appellee, Samuel Hepfner, and awarded Appellee custody of the parties' six minor children. Appellant makes five arguments on appeal arising from the trial court's determination of parental rights and responsibilities; its decision concerning a parcel of property; and its findings as to certain financial issues.
 {¶ 2} On March 28, 2006, this Court dismissed Appellant's appeal for the failure to file her merit brief and assignments of error. Thereafter, we permitted Appellant to file her untimely brief. We then granted Appellee leave to submit his brief, which was filed on June 30, 2006.
 {¶ 3} Before addressing the merits of Appellant's assignments of error, it must be pointed out that she has failed to submit a transcript of the underlying proceedings to this Court. In fact, the trial court's record does not reflect that a transcript of the parties' two-day trial was ever requested or prepared. The record reflects that Appellant made no attempt to obtain additional time to secure the necessary transcript and there is nothing in the record explaining her failure.
 {¶ 4} Pursuant to App.R. 9(B), an appellant has the duty to order the pertinent transcript of proceedings in furtherance of his or her appeal. In the event that a transcript is unavailable or not prepared, an appellant may prepare and submit a statement of the evidence. App.R. 9(C). The record demonstrates that Appellant has not provided this Court with a transcript of the trial below nor has she provided a statement as permitted by App.R. 9(C). Further, Appellant's five and one-half pages of "STATEMENT OF FACTS" in her brief contain no references to a trial transcript. Because we are left to consider Appellant's assignments of error absent the transcript, and have no way to verify any of her factual allegations, we must disregard her statement of the facts.
 {¶ 5} In considering an assignment of error on appeal absent the necessary trial court's transcript, an appellate court must presume the regularity of the trial court's proceedings and affirm its decision.Ostrander v. Parker-Fallis Insulation (1972), 29 Ohio St.2d 72, 74,278 N.E.2d 363; Farmers Production Credit Assn. v. Stoll (1987),37 Ohio App.3d 76, 523 N.E.2d 899. However, the lack of a transcript does not require the dismissal of the entire appeal. Since some of Appellant's arguments are based on legal issues, this Court must accept the trial court's factual determinations as true and review the legal issues without the transcript. For the following reasons, however, Appellant's assignments of error lack merit and are overruled.
 {¶ 6} Appellant's first assignment of error asserts,
 {¶ 7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN THE DETERMINATION OF PARENTAL RIGHTS AND RESPONSIBILITIES."
 {¶ 8} A trial court has broad discretion as to the allocation of parental rights and responsibilities. Thus, an appellate court should not disturb its judgment unless an appellant establishes an abuse of that discretion. Masters v. Masters (1994), 69 Ohio St.3d 83, 85,630 N.E.2d 655. An abuse of discretion is more than an error of law or judgment; instead, it reflects that the court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 9} In determining which parent should be awarded custody of a minor child in a divorce proceeding, the trial court is to consider what is in the child's best interest using the factors set out in R.C. §3109.04(F). Appellant argues that the trial court abused its discretion based on numerous factual reasons cited in her brief. She claims that the court should have adopted her proposed shared parenting plan instead of naming Appellee as the residential parent. She also argues that the trial court erred in failing to ask the four oldest children their wishes and concerns in the in-camera interviews.
 {¶ 10} However, the trial court's decision reflects that the trial court interviewed the children and considered the necessary statutory factors in making its determination, including its determination that Appellant was, "somewhat mentally unstable," and that she failed to maintain a, "clean and sanitary home for her husband and children[.]" (Sept. 22, 2005, Opinion and Judgment Entry Decree of Divorce, pp. 12, 14.) The trial court also cited several other reasons supporting its decision.
 {¶ 11} Again, in the absence of an adequate record, this Court is unable to review Appellant's arguments based on the facts and we must presume the validity of the trial court's decision. The trial court's determination as to what was in the children's best interest was a factual determination within its discretion. Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237. Accordingly, we have no choice but to overrule Appellant's first assignment of error.
 {¶ 12} Appellant's second assignment of error asserts,
 {¶ 13} "THE TRIAL COURT ERRED IN FAILING TO IMPOSE APPELLANT'S PROPOSED SHARED PARENTING PLAN BETWEEN THE PARTIES."
 {¶ 14} Appellant argues in this claimed error that the trial court should have adopted her shared parenting plan of the parties' six minor children. In considering a parent's shared parenting request, the trial court is to consider the best interests of the children by addressing the R.C. § 3109.04(F) factors. These include, in the court's discretion, an in-camera interview with the children. R.C. § 3109.04(B)(1). Appellant claims that the trial court should have given more weight to the disinterested witnesses' testimony, i.e., the children's counselors and the Guardian ad Litem. Again, however, the trial court's record reflects that the trial court conducted in-camera interviews and considered the necessary factors in this case. Neither these interviews nor the trial transcript is before this Court for review.
 {¶ 15} Based on the foregoing, this Court again must presume the validity of the trial court's decision. Farmers Production CreditAssn., 37 Ohio App.3d 76, 523 N.E.2d 899, syllabus. As such, this assignment of error lacks merit and is overruled.
 {¶ 16} Appellant's third assignment of error on appeal asserts,
 {¶ 17} "THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT COMMITTED FINANCIAL MISCONDUCT IN THE ALLOCATION OF LIABILITY FOR MARITAL DEBTS."
 {¶ 18} Appellant argues that the trial court's finding that she committed financial misconduct was in error and not supported by the evidence. Specifically, she alleges that there was no evidence establishing scienter or wrongful intent. She also claims that it erred in failing to set forth its review of the necessary statutory considerations in R.C. § 3105.171 in dividing the parties' marital property.
 {¶ 19} A trial court is vested with broad discretion in dividing marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609,635 N.E.2d 308. However, any award must be equitable, and the court must address the statutory factors in arriving at its division of marital property. Id.
 {¶ 20} These factors include,
 {¶ 21} "(1 ) The duration of the marriage;
 {¶ 22} "(2) The assets and liabilities of the spouses;
 {¶ 23} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 24} "(4) The liquidity of the property to be distributed;
 {¶ 25} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 26} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 27} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 28} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 29} "(9) Any other factor that the court expressly finds to be relevant and equitable." R.C. § 3105.171(F).
 {¶ 30} A review of the trial court's decision reveals that it expressly stated that it considered the R.C. § 3105.171(F) factors. The court thereafter allocated to Appellant property less indebtedness in the amount of $39,592. The trial court awarded Appellee property minus indebtedness in the amount of $74,044. In order to make up the unequal awards, the court ordered Appellee to pay Appellant half of the difference, i.e., $17,226, minus $5,458, which is the amount the court attributed to Appellant's financial misconduct. (Sept. 22, 2005, Opinion and Judgment Entry Decree of Divorce.) Accordingly, a review of the trial court's decision reveals that it did address the applicable factors and attempted to make an equitable distribution.
 {¶ 31} Further, absent the trial transcript, this Court is unable to fully review Appellant's argument that her financial misconduct is not supported by evidence. Thus, we must overrule this claimed error and affirm the trial court's judgment as within its discretion. FarmersProduction Credit Assn., supra, 37 Ohio App.3d 76, 523 N.E.2d 899, syllabus.
 {¶ 32} Appellant's fourth assignment of error asserts,
 {¶ 33} "THE TRIAL COURT ERRED IN FAILING TO DISENTANGLE THE PARTIES FINANCIALLY."
 {¶ 34} Appellant claims that the trial court erred in awarding several pieces of marital real property and making each party solely responsible for the joint indebtedness on designated property even though the properties are encumbered by mortgage loans in both parties' names. Appellant directs this Court's attention to Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 559 N.E.2d 1292, for the proposition that a trial court must financially disentangle divorced couples' economic matters.
 {¶ 35} Hoyt stands for the proposition that a court, "should attemptto disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage." (Emphasis added.) Id. at paragraph two of the syllabus. The Hoyt decision does not require a trial court to completely disentangle a divorced couple's assets. In fact, in the Hoyt opinion the Court notes that disentangling marital assets, "may be the most difficult result to implement on a practical basis. However, we recommend that trial courts, when circumstances permit, should strive to resolve the issues between the parties so as to disassociate the parties from one another or at least minimize their economic partnership." Id. at 182. Further, paragraph one of theHoyt syllabus stresses that a trial court should use its discretion in rendering an equitable distribution of marital property based on the circumstances of each case.
 {¶ 36} In the instant matter, Appellant's disentanglement argument may have had weight given the fact that one loan evidently had more than twenty years of payments remaining. Thus, disentanglement may have been to the benefit of both parties consistent with Hoyt, supra. Nonetheless, we cannot look to the trial transcript for an explanation of its decision. Absent a transcript in which the trial court may well provide a logical explanation, we must presume that the facts support this decision.
 {¶ 37} Accordingly, absent a transcript to review, Appellant is unable to establish that the trial court failed to make an effort to disentangle the parties' marital assets and liabilities. As such, we must overrule this claimed error. Farmers Production Credit Assn.,37 Ohio App.3d 76, 523 N.E.2d 899, syllabus.
 {¶ 38} Appellant's fifth and final assignment of error asserts,
 {¶ 39} "THE TRIAL COURT ERRED BY FAILING TO ORDER THE SALE OF THE UNDEVELOPED LAND IN CLARION COUNTY, PENNSYLVANIA."
 {¶ 40} Appellant argues that the trial court should have ordered the sale of a parcel of property since its use was limited to recreational purposes, and given the parties' indebtedness, a sale would have offset their debt.
 {¶ 41} In support of her argument on appeal, Appellant points out that the property was valued at $1,400, but that the true value would be unknown until the property was sold. However, the trial court specifically found in its entry that the value of this property was limited to $1,400 since a significant part of the parcel is below the flood plain. It also noted that the parcel's value is great as a recreational outlet for Appellee and the children. Thereafter, the trial court made an effort to equitably distribute the marital property. (Sept. 22, 2005, Opinion and Judgment Entry Decree of Divorce.)
 {¶ 42} Based on the foregoing, and given the fact that we must presume that the trial court is factually correct, we must overrule this assignment of error, also.
 {¶ 43} In conclusion, Appellant's assignments of error on appeal lack merit. Her failure to secure the necessary trial transcript for our review prevents a meaningful evaluation of her claimed errors on appeal. Accordingly, we have no choice but to affirm the trial court's decision in full.
Donofrio, J. and Vukovich, J., concurs.