[Cite as *Shepard's Mobile Home Park, Ltd. v. Sigmon*, 2014-Ohio-4367.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SHEPARD'S MOBILE HOME PARK, LTD., | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JENNIFER SIGMON, ET Al., | : | Case No. 14-CA-61 |
| | : | |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Appeal from the Licking County
Municipal Court, Case No. 14 CVG 833

JUDGMENT:  Reversed and Remanded

DATE OF JUDGMENT:  September 29, 2014

APPEARANCES:

For Plaintiff-Appellant

TODD H. NEUMAN
JEFFERY R. CORCORAN
Allen Kuehnle Stovall & Neuman LLP
17 South High Street, Suite 1220
Columbus, OH 43215

For Defendants-Appellees

JENNIFER SIGMON, Pro Se
8555 East Main Street, Lot 7
Reynoldsburg, OH 43068

TIM WITHROW, Pro Se
8555 East Main Street, Lot 7
Reynoldsburg, OH 43068

ERICA COX, Pro Se
8555 East Main Street, Lot 7
Reynoldsburg, OH 43068

*Baldwin, J.*

{¶1}   Plaintiff-appellant Shepard's Mobile Home Park, Ltd. appeals from the May 22, 2014 Judgment Entry of the Licking County Municipal Court.

STATEMENT OF THE FACTS AND CASE

{¶2}   On or about December 1, 2009, a Residential Lease with Purchase Option was entered into between appellant Shepard's Mobile Home, as lessor, and appellees Erica Cox and Jennifer Sigmon, as lessees/tenants. Pursuant to the terms of the same, appellant leased a lot to appellees and leased a mobile home to them. The lease was for a term of 58 months and required appellees to pay rent in the amount of $500.00 a month. The lease contained a purchase option. In accordance with the terms of the purchase option, appellees could purchase the mobile home for a total of $15,900.00 with a down payment of $3,000.00. The monthly payments were $500.00 a month for 58 months.

{¶3}   On May 1, 2014, appellant filed a complaint against appellees and Tim Withrow, appellee Erica Cox's ex-boyfriend, alleging that they had breached the lease agreement. Appellant demanded restitution of the property and judgment against appellees in the amount of $1,443.95 plus $17.50 for each day that the property was not returned to appellant after April 30, 2014, plus utilities, interest and costs.

{¶4}   A hearing was held on May 22, 2014. At the hearing, appellee Erica Cox testified on cross-examination that she had breached the lease by failing to pay rent and that she had not paid any rent since receiving the three day notice to vacate on April 23, 2014. Tonya Shepard, appellant's owner and manager, testified that appellee had not paid rent for the months of February, March and April and "lot rent." Transcript at 5.

She testified that they were still behind on rent and were in possession of the premises. Tonya Shepard testified that she owned the mobile home and that appellees were in default of both the rent of the home and also the lot.

{¶5} On direct examination, appellee Erica Cox testified that she had almost paid off the mobile home and had been paying on it for five years. She testified that her last payment was due in October and that she had been paying for it since December of 2009. When asked who appellee Jennifer Sigmon was, she testified that Sigmon was her aunt and had co-signed for her.

{¶6} The court, in Judgment Entry filed on May 22, 2014, dismissed the case without prejudice. The court found that appellant had failed to comply with the notice requirement of R.C. 5313.06 and that because appellee had paid more than 25% of the purchase price under the land contract, pursuant to R.C. 5313.07, the proper remedy was foreclosure and judicial sale under the installment contract.

{¶7} Appellant now raises the following assignment of error on appeal:

{¶8} THE TRIAL COURT ERRED IN APPLYING R.C. [SECTION] 5313.01, ET. SEQ., OHIO'S LAND INSTALLMENT CONTRACTS STATUTE, TO THE RESIDENTIAL LEASE WITH PURCHASE OPTION BETWEEN PLAINTIFF AND DEFENDANTS.

I

{¶9} Appellant, in its sole assignment of error, argues that the trial court erred in applying R.C. 5313.01 et. seq. in this case.

{¶10} R.C. Chapter 5313 governs land installment contracts. R.C. 5313.01 states, in relevant part, as follows:

(A) "Land installment contract" means an executory agreement which by its terms is not required to be fully performed by one or more of the parties to the agreement within one year of the date of the agreement and under which the vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation. Option contracts for the purchase of real property are not land installment contracts.

(B) "Property" means real property located in this state improved by virtue of a dwelling having been erected on the real property.

{¶11} R.C. 5313.01(B) limits Chapter 5313 to land contracts for the sale of properties with "dwellings." See *Addair v. Mitchell,* 5th Dist. Knox App.No. 03 CA 19, 2003-Ohio-6800, ¶ 10, citing *Johnson v. Maxwell*, 51 Ohio App.3d 137, 554 N.E.2d 1370 (9th Dist. 1988).

{¶12} In the case sub judice, the purchase option contained in the parties' agreement was only for the purchase of a 1990 Carrolton Pine Ridge mobile home. Because there was no agreement for the purchase of real property improved by virtue of a dwelling, we find that R.C. 5313.01 et seq is inapplicable. There was no agreement in this case to convey title to real property improved by virtue of a dwelling.

{¶13} Appellant's sole assignment of error is, therefore, sustained.

{¶14} Accordingly, the judgment of the Licking County Municipal Court is reversed and this matter is remanded to the trial court for further proceedings.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.