[Cite as *Price v. Price*, 2026-Ohio-747.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
NOBLE COUNTY

SANDRA PRICE,

Plaintiff-Appellee,

v.

ROBERT PRICE, et al.,

Defendants-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 NO 0527**

---

Civil Appeal from the
Court of Common Pleas of Noble County, Ohio
Case No. 223-0001

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Miles D. Fries*, Gottlieb, Johnston, Beam & Dal Ponte, for Plaintiff-Appellee and

Darla Lichtenwalter, *pro se.*

Dated:  March 5, 2026

**Robb, J.**

**{¶1}** Appellant, Darla Lichtenwalter, appeals the June 13, 2025 judgment issued after a bench trial. Appellant raises six assigned errors. She contends the court erred by failing to address her summary judgment motion; by applying land installment contract law; by finding Sandra's contract valid and enforceable; and by exercising jurisdiction over personal property subject to probate proceedings. For the following reasons, each of her arguments lacks merit. We affirm.

<u>Statement of the Case</u>

**{¶2}** Appellee, Sandra Price, filed a complaint for declaratory judgment in October of 2022 in the Guernsey County Common Pleas Court. Sandra's complaint alleges she is the rightful owner of real property she purchased via land contract from Dennis Lichtenwalter. During her acquisition of the property, Sandra married defendant Robert Price in 2017, who also allegedly became a party to the land contract for the purchase of the property. At the time the complaint was filed, Sandra and Robert were in the middle of divorce proceedings. (Oct. 18, 2022 Complaint.)

**{¶3}** According to the complaint, Dennis, the seller of the property, died in January of 2021. A transfer on death (TOD) designation deed had been filed in the Noble County recorder's office on December 12, 2017. It named Dennis' daughter, Darla Lichtenwalter, as the TOD designee. Darla executed an affidavit of confirmation for the property, which was filed with the recorder's office in May of 2021. (Oct. 18, 2022 Complaint.)

**{¶4}** For relief, Sandra asked the court to determine she is the rightful owner of the property; to find that Robert's purported contract is not valid or binding and he has no rights to the real property; and to issue an order directing Darla to transfer ownership of the property to Sandra. (Oct. 18, 2022 Complaint.)

**{¶5}** The complaint alleges the land installment contract between Sandra and Dennis was attached as Exhibit A. It also alleges the purported contract between Robert and Dennis was attached as Exhibit B. However, no exhibits are attached to the complaint. (Oct. 18, 2022 Complaint.)

<u>Case No. 25 NO 0527</u>

**{¶6}** Darla filed her answer and counterclaim pro se. Darla challenged the validity of the land contracts and alleged Sandra and Robert owed back rent. For relief, Darla asked the court to declare her the owner of the property; to deem the land contracts invalid; to order Sandra to pay past due rent; and to issue an eviction order removing Sandra from the premises. (Dec. 21, 2022 Answer & Counterclaim.)

**{¶7}** The case was subsequently transferred to the Noble County Common Pleas Court. It was set for a bench trial in October of 2023. (April 28, 2023 Judgment.)

**{¶8}** Darla filed a motion for attorney's fees and for the appointment of counsel on her behalf. (May 4, 2023 Motion.) She filed a second motion for fees and asked the court to appoint her counsel. (June 8, 2023 Motion.) The trial court overruled both requests finding each lacked merit. (July 21, 2023 Judgment.)

**{¶9}** Darla moved for a continuance indicating she needed time to secure counsel. (Sept. 13, 2023 Motion.) Before retaining counsel, Darla filed a motion for summary judgment on September 21, 2023. She challenged the validity of the land installment contracts between her father and the Prices. Darla also urged the court to determine that land installment contracts cannot be used to purchase mobile homes. (Sept. 21, 2023 Summary Judgment Motion.)

**{¶10}** The trial court acknowledged the filing of Darla's continuance and motion for summary judgment and converted the bench trial date to a pretrial conference. (Sept. 29, 2023 Judgment.) At the pretrial conference, the court set discovery deadlines, pretrial motion deadlines, and rescheduled the bench trial in February of 2024. (Oct. 6, 2023 Judgment.)

**{¶11}** Thereafter, Sandra moved for default judgment against Robert. (Oct. 19, 2023 Motion for Default.) Sandra also moved the court to strike Darla's motion for summary judgment, contending it was filed without leave of court. (Oct. 19, 2023 Motion to Strike.)

**{¶12}** Darla opposed the motion for default and argued she had a claim against Robert. (Nov. 7, 2023 Reply.) Darla also opposed the motion to strike her motion for summary judgment. She argued the court had not yet issued its scheduling order, so leave was not required. Alternatively, Darla asked the court to grant her leave to file her motion. (Nov. 7, 2023 Memo Contra.)

{¶13} Counsel for Darla entered a notice of appearance on her behalf. (Nov. 27, 2023 Notice.) Darla's newly retained attorney issued discovery requests to Sandra, moved to continue the discovery deadline and trial date, and filed a notice Sandra's discovery requests were answered. (Jan. 16, 2024 Notice & Motion; Jan. 26, 2024 Notice.)

{¶14} Sandra sought leave to file her first amended complaint. For cause, she alleged her divorce proceedings were finalized and she was awarded all interest in the subject real estate. Thus, she sought leave to amend her complaint to reflect these new facts. (Feb. 16, 2024 Motion.) The trial court granted her leave. (March 5, 2024 Judgment.)

{¶15} The trial court subsequently issued a modified scheduling order. It set a dispositive motion deadline of August 23, 2024 and set the case for a three-day bench trial in November of 2024. (May 20, 2024 Judgment.)

{¶16} Darla's attorney filed a trial brief in advance of trial. It contends the purported land installment contracts were invalid and unenforceable as violative of R.C. 5313. It also challenged the validity of Darla's father's signatures on the land contracts; disputed whether Sandra had an equitable interest in the property; and sought back rent from Sandra and Robert. (Nov. 18, 2024 Trial Brief.)

{¶17} On the date of the bench trial, the trial court issued a judgment granting Sandra's motion for default judgment against Robert. The court directed the parties to file written closing arguments and proposed findings of facts and conclusions of law. The court took the matter under advisement. (Nov. 26, 2024 Judgment.)

{¶18} The trial court issued its decision June 13, 2025. The court determined Sandra's land installment contract with Darla's father substantially complied with R.C. 5313.02 and was a valid and enforceable contract. (June 13, 2025 Judgment.)

{¶19} The court held the contract between Darla's father and Robert Price failed to include essential elements of a contract, and as such, was not valid or binding. The court also concluded that Darla is not a bona fide purchaser for value, but instead is an heir of Dennis Lichtenwalter. The court also listed reasons supporting its decision finding no fraud. The court found the evidence showed that Sandra owed a balance of $9,760 on the contract. Thus, the court found this amount was owed to Darla. It ordered Sandra

to make monthly payments in the amount of $450 to Darla until the balance is paid in full. And upon payment of the full amount, the court ordered Darla to issue a general warranty deed to Sandra in accordance with the land contract.  (June 13, 2025 Judgment.)

**{¶20}**  Darla appealed.  (July 8, 2025 Notice.)  She raises six assignments of error in her pro se appellate brief.

**{¶21}**  Before addressing the merits of her assignments of error, we note Darla has failed to submit a transcript of the underlying proceedings.  An appellant has the duty to order the pertinent transcript of proceedings in furtherance of her appeal.  App.R. 9(B).  If a transcript is unavailable, an appellant may prepare and submit a statement of the evidence.  App.R. 9(C).  Darla did neither.

**{¶22}**  When addressing an assignment of error absent the necessary trial court transcript, an appellate court must presume the regularity of the trial court's proceedings and affirm its decision.  *Hepfner v. Hepfner*, 2007-Ohio-595, ¶ 5 (7th Dist.), citing *Ostrander v. Parker-Fallis Insulation*, 29 Ohio St.2d 72, 74 (1972).  However, since some of Darla's arguments are based on legal issues, we must accept the trial court's factual determinations as true and review the legal issues without the transcript.  *Id.*

**{¶23}**  Further, the statement of facts in Darla's brief contains no references to a trial transcript.  Because we are left to consider her assignments of error absent a transcript and cannot verify her factual allegations, we must disregard her statement of facts.

<u>Motion for Summary Judgment</u>

**{¶24}**  Darla's first assignment of error contends:

"The trial court committed reversible error by proceeding to trial without ruling on defendant appellant's motion for summary judgment filed September 22, 2023."

**{¶25}**  Darla asserts the trial court committed reversible error by failing to rule on her motion for summary judgment before proceeding with the bench trial.  She urges us to find this was a procedural error requiring reversal.  She asks us to remand the case for the court to rule on her summary judgment motion.  We disagree.

**{¶26}**  When a court fails to rule on an objection or motion, it is presumed the court impliedly overruled the objection or motion.  *Dyer v. Gomez*, 2022-Ohio-1127, ¶ 60-61

Case No. 25 NO 0527

(7th Dist.), citing *Portofe v. Portofe*, 2003-Ohio-3469, ¶ 16 (7th Dist.) and *Batten v. Batten*, 2010-Ohio-1912, ¶ 82 (5th Dist.).

{¶27} Here, Darla filed her motion pro se and without leave of court, and there was a motion to strike the same filed. Thereafter, Darla retained counsel who represented her for the duration of the case without reasserting or refiling the motion for summary judgment. Counsel did not seek leave of court to refile the summary judgment motion, and the trial court did not expressly address Darla's pro se motion to grant her leave instanter. In light of this record, we conclude the trial court impliedly overruled her request for leave.

{¶28} Additionally, as detailed in the statement of the case, Darla's motion for summary judgment challenged the validity of the land installment contracts. A review of her trial brief shows her attorney likewise challenged the validity of the land installment contracts, in addition to raising other issues in advance of trial.

{¶29} Further, the trial court found Sandra's contract with Darla's late father substantially complied with R.C. 5313.02, and as such, was a valid and enforceable contract. It also held that the purported contract between Darla's father and Robert failed as a matter of law to satisfy the essential elements of a contract. (June 13, 2025 Judgment.)

{¶30} Thus, in light of the substance of her trial brief and the trial court's decision issued after trial, it is evident the arguments raised in her summary judgment were addressed during trial. For these reasons, this assigned error lacks merit.

Application of Land Installment Contract to Mobile Home

{¶31} Darla's second assignment of error asserts:

"The trial court erred as a matter of law in applying Ohio land installment contract statutes to real estate not improved with a dwelling, but only a mobile home maintaining an active personal property title."

{¶32} Darla contends there was only a mobile home on the property, and for that reason, Ohio law governing land installment contracts does not apply. She claims this assignment of error raises a pure issue of law. She directs us to three cases in support of her argument.

**{¶33}** However, Sandra contends there was no evidence offered at trial showing the factual predicate for this argument. Instead, Sandra alleges the evidence at trial showed the structure or home is part of the real property because it is affixed to the land and since she pays real estate taxes on the structure.

**{¶34}** The trial court did not make findings as to whether the structure was a mobile home or whether it was fixed to the property in its five-and-a-half page judgment, presumably because the issue was not raised or litigated. The court did, however, find Sandra produced evidence showing she paid the taxes and insurance associated with the property in general.

**{¶35}** According to Darla's proposed findings of fact and conclusions of law filed with the court, testimony at trial established the dwelling is a modular home. However, her proposed findings do not indicate if testimony or evidence was offered on the issue of whether the structure was mobile or fixed. Her filing does not state whether this was an issue before the court.

**{¶36}** Absent evidence showing the dwelling was or was not a mobile home, and absent the transcript from the bench trial, we cannot reach the merits of Darla's argument on appeal. Thus, her second assigned error is overruled for this reason. *Hepfner*, 2007-Ohio-595, at ¶ 5.

**{¶37}** Additionally, we also note the cases relied on by Darla in support of this argument appear distinguishable. In *Army v. Dunlap*, 2017-Ohio-9084, ¶ 29 (3d Dist.), the Third District Court of Appeals held that land installment contracts under R.C. 5313.01 do not apply to the purchase of a mobile home because mobile homes do not constitute real property. *Id*. citing *Shepard's Mobile Home Park, Ltd. v. Sigmon*, 2014-Ohio-4367, ¶ 12 (5th Dist.).

**{¶38}** The agreement at issue in *Army* was for the purchase of a mobile home located in a mobile home park. There was nothing evidencing the mobile home was affixed to the real property or that the purchase in *Army* included the real estate on which the mobile home was situated. Instead, the opinion references a monthly "lot fee" of $290, which shows the purchase of the mobile home did *not* include the real estate on which the mobile home was located. *Id*. at ¶ 4-6.

**{¶39}** Like *Army*, *Shepard's Mobile Home Park, Ltd. v. Sigmon*, 2014-Ohio-4367, ¶ 2 (5th Dist.), involved a leased lot and mobile home.  The Fifth District found the land installment contract statute, R.C. 5313.01(B), did not apply because the provision only applies to the purchase of real property improved by virtue of a dwelling.  The agreement in *Shepard's* only included the purchase of a mobile home—it was not an agreement for the purchase of real property with a dwelling on it.  *Id.* at ¶ 11-12.

**{¶40}** Last, Darla cites *Simes v. Beaver Valley Resorts, Inc.*, 1992 WL 274656 (2d Dist. Oct. 6, 1992).  *Simes* involved the purchase of the right to use a campsite, not a specific parcel of real estate.  The court examined the agreement, which showed it was for the purchase of the right to use a campsite.  The agreement stated the purchaser did not have the exclusive use of any portion of the sixty acres of the campground.  Instead, the purchaser was only guaranteed the "use of" an undesignated campsite at any time, except during holiday weekends.  The contract further stated the campsite location would vary and would be assigned to the purchaser.  *Id*. at *1-2.

**{¶41}** Moreover, the court in *Simes* found the recreational vehicles or R.V.s located at the campsite, which were available for rent, were not fixed.  The available R.V.s were mobile and moved around the campground depending on the location of the assigned campsite.  Thus, *Simes* found the real property in that case was "not improved with a dwelling erected on it," such that the land installment statute applies.  *Id*. at *3.

**{¶42}** Because it appears the land installment contract here included the acquisition of real estate in addition to the structure on the property, the cases Darla cites are inapplicable.  Darla's second assigned error lacks merit.

<u>Statutory Compliance</u>

**{¶43}** Her third assigned error contends:

"The trial court erred in finding the alleged contract enforceable despite its failure to comply with mandatory acknowledgment requirements under R.C. 5313.02(D) and R.C. 5301.01(A) and other statutory failures."

**{¶44}** Darla directs our attention to multiple reasons why she claims the land installment contract between her father and Sandra fails as a matter of law.

**{¶45}** First, Darla urges us to find Sandra's land installment contract is unenforceable because it was not notarized and only had one witness.  Darla also

challenges the validity of the land installment contract since it did not contain the applicable interest rate or method of computing interest. She also asserts the agreement failed to include the amount of Sandra's down payment. Last, Darla claims the trial court erred by relying on the testimony of a minor, who allegedly witnessed the execution of the agreement.

{¶46} She directs us to R.C. 5301.01(A) and 5313.02 in support of her contentions. R.C. 5301.01(A) defines the term "land installment contract" and states:

"Land installment contract" means an executory agreement which by its terms is not required to be fully performed by one or more of the parties to the agreement within one year of the date of the agreement and under which the vendor agrees to convey title in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation. Option contracts for the purchase of real property are not land installment contracts.

{¶47} Whereas, R.C. 5313.02(A) sets forth the minimum necessary contents of land installment contracts and states:

Every land installment contract shall be executed in duplicate, and a copy of the contract shall be provided to the vendor and the vendee. The contract shall contain at least the following provisions:

(1) The full names and then current mailing addresses of all the parties to the contract;

(2) The date when the contract was signed by each party;

(3) A legal description of the property conveyed;

(4) The contract price of the property conveyed;

(5) Any charges or fees for services that are includable in the contract separate from the contract price;

(6) The amount of the vendee's down payment;

(7) The principal balance owed . . .;

(8) The amount and due date of each installment payment;

(9) The interest rate on the unpaid balance and the method of computing the rate;

(10) A statement of any encumbrances against the property conveyed;

(11) A statement requiring the vendor to deliver a general warranty deed on completion of the contract, or another deed that is available when the vendor is legally unable to deliver a general warranty deed;

(12) A provision that the vendor provide evidence of title in accordance with the prevailing custom in the area in which the property is located;

(13) A provision that, if the vendor defaults on any mortgage on the property, the vendee can pay on the mortgage and receive credit on the land installment contract;

(14) A provision that the vendor shall cause a copy of the contract to be recorded;

(15) A requirement that the vendee be responsible for the payment of taxes, assessments, and other charges against the property from the date of the contract, unless agreed to the contrary;

(16) A statement of any pending order of any public agency against the property.

**{¶48}** The court addressed Darla's concerns and found that despite the mandatory language and use of the word shall in 5313.02, land contracts are enforceable notwithstanding a lack of strict compliance. The trial court found Sandra's land installment contract with Darla's father substantially complied with R.C. 5313.02, and as such, was a valid and enforceable contract. (June 13, 2025 Judgment.)

**{¶49}** The court explained that noncompliance with the mandatory requirements did not prevent the creation of an equitable interest in favor of the vendee. Instead, it held that the recording requirement is designed to protect purchasers for value. And because Darla was an heir and not a bona fide purchaser for value, the fact the land contract was not recorded did not defeat the creation of an interest in Sandra's favor. (June 13, 2025 Judgment.)

**{¶50}** First, we note that the land installment contract at issue during trial is not in the record. Neither the initial complaint nor the amended complaint have the contract

attached, and Darla has not secured the transcript of the trial or the trial exhibits for this court's review. However, a copy of the purported agreement is attached to Darla's trial brief, which we review where relevant.

**{¶51}** Sandra counters that the provisions cited by Darla do not contain a requirement that land installment contracts must be witnessed or notarized. We agree. Neither of the provisions cited by Darla states a land installment contract must be witnessed or notarized to be valid.

**{¶52}** App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Because it is an appellant's duty to identify authority in support of legal arguments on appeal, we need not root out authority in support of an unsupported contention. *State v. Bruce*, 2023-Ohio-4719, ¶ 56 (7th Dist.), citing *Matter of E.T.*, 2023-Ohio-444, ¶ 58 (7th Dist.). Because she fails to direct us to authority for these contentions, these arguments lack merit.

**{¶53}** Further, whether the witness was or was not a minor at the time of witnessing the execution of this contract is not before us due to a lack of trial transcript. Thus, we must accept the court's factual determinations as true. *Hepfner,* 2007-Ohio-595, at ¶ 4; App.R. 9(A)(1).

**{¶54}** As for Darla's claim the contract fails as a matter of law because it did not contain the applicable interest rate or method of computing interest, we disagree. The copy of the land installment contract attached to Darla's trial brief shows it was a form contract with blanks or lines to be completed by the parties. This copy has the blanks for the interest rate and method of computing interest crossed out, indicating there was no interest.

**{¶55}** This is consistent with the trial court's decision on this issue. Upon issuing its orders, the trial court stated in part, "Plaintiff shall make monthly payments of $450.00 to Defendant until paid in full. In the alternative, the Plaintiff may make a lump sum payment or pay the land contract off early, as the land contract was interest free." (June 13, 2025 Judgment.) Thus, we agree this contract did not charge interest.

Case No. 25 NO 0527

**{¶56}** Next, as for Darla's contention that this contract failed to state the amount of the down payment, the version attached to her trial brief has a handwritten "0" as the amount of initial consideration paid. Thus, the down payment was included, and it was zero. (November 18, 2024 Trial Brief.)

**{¶57}** Last, although Darla does not raise the issue now, the trial court found the fact that the land installment contract was not recorded did not invalidate the parties' agreement. The recording requirement is set forth in R.C. 5313.02(C).

**{¶58}** Instead, the court found Sandra's contract substantially complied with R.C. 5313.02. It held the lack of complete compliance with this provision did not defeat the creation of an equitable interest in Sandra's favor. The trial court cited *McGinnis v. Hensley*, 2005-Ohio-2507, ¶ 20 (3d Dist.) (finding the recording requirement was designed to protect subsequent bona fide purchasers of property and that judgment lien creditors are not bona fide purchasers for value), and *Bank of New York Mellon Tr. Co, N.A. v. Loudermilk*, 2013-Ohio-2296, ¶ 30 (5th Dist.) (concluding heirs of an estate are not bona fide purchasers for value). We agree with its conclusions in this regard.

**{¶59}** In light of the foregoing, this assignment fails to demonstrate error and is overruled.

Fraud

**{¶60}** Darla's fourth assignment of error asserts:

"The trial court erred in failing to find the alleged contract fraudulent based on clear evidence of backdating and fabrication."

**{¶61}** Darla claims the record contains overwhelming evidence showing the land installment contracts were fabricated and backdated. Darla references certain metes and bounds descriptions on the documents attached to one of the agreements. She also contends the dates on Noble County Recorder filing stamps are crossed out and were dated after the alleged 2011 date on which Sandra entered the agreement with Darla's father.

**{¶62}** In response, Sandra contends Darla failed to come forward with evidence at trial showing fraud or that the agreements were backdated. Sandra refers to testimony

presented at trial of one witness to the land contract, who allegedly testified she witnessed Dennis freely and voluntarily entered into the contract with Sandra.

**{¶63}** The trial court explicitly addressed this issue in its judgment and concluded:

9.) The Defendant failed to show fraud for the following reasons:

a.  A credible witness testified that he witnessed Dennis Lichtenwalter execute the contract with Plaintiff;

b.  Defendant claimed that it was not her Father's signature, but did not produce any credible evidence supporting the contention; and

c.  Plaintiff produced evidence of her payment history to Dennis Lichtenwalter, tax bills paid by her and eventually put in the name of "Robert and Sandra Price" and "Sandra Price," and proof of insurance, all in accordance with the land contract.  (See Plaintiff's Exhibits D, E, and F).

(July 8, 2025 Judgment.)

**{¶64}** As stated, our review is limited to the record before the trial court.  Because we do not have the transcript of the evidence from trial, we must accept the trial court's factual determinations as true.  *Hepfner,* 2007-Ohio-595, ¶ 4; App.R. 9(A)(1).  Thus, we cannot address the merits of this assigned error, and Darla's fourth assigned error is overruled.

<u>Jurisdiction & Joinder</u>

**{¶65}** Darla's fifth assigned error contends:

"The trial court erred in exercising jurisdiction over personal property subject to probate proceedings in Stark County and in failing to join necessary parties."

**{¶66}** This assignment is comprised of two arguments.  First, Darla argues the trial court erred by reaching the merits of this case without joining necessary parties to the proceedings.  She asserts the court should have joined two lienholders, i.e., Farmers Bank and Merchant's Bank, both of which she claims hold active liens on the mobile home situated on the property.  Darla also asserts the court should have joined the estate of Dennis Lichtenwalter as a necessary party.  Thus, Darla contends the trial court's determination as to ownership of the property impairs the banks' rights and the rights of the heirs of Dennis' estate.

<u>Case No. 25 NO 0527</u>

**{¶67}** Second, she claims the court erred by exercising jurisdiction over personal property, i.e., the mobile home, which is the subject matter of active probate court proceedings in Stark County. Darla contends the Stark County Probate Court has exclusive jurisdiction over the mobile home, and the Noble County Court of Common Pleas lacked jurisdiction to adjudicate ownership of it since it was personal property owned by the decedent. Darla claims the trial court's decision conflicts with the probate court's jurisdiction over the personal property.

**{¶68}** Sandra disagrees with both contentions. First, she argues neither issue was raised to the trial court, and thus, each was waived. She claims Darla's answer did not raise the defense of failure to join indispensable parties. She also asserts no one raised the issue of Stark County probate proceedings during the underlying case and there was no motion to join indispensable parties.

**{¶69}** Consistent with Sandra's arguments, neither issue is referenced in Darla's proposed findings of fact and conclusions of law. Neither is asserted in her motion for summary judgment or trial brief.

**{¶70}** We note, however, Darla's pro se answer states as a defense that the complaint should be dismissed for the failure to name indispensable parties, i.e., Farmer's Bank and Merchant's Bank. She contends in her answer that both banks hold a secured interest in the structure, which is personal property, in which Sandra resides. Darla's answer, however, does not mention the estate as an indispensable party and does not reference pending Stark County probate proceedings.

**{¶71}** Regardless, whether the banks and the estate have an interest in the property at issue here is unclear. These allegedly interested parties did not move to intervene, and there was no motion to join a necessary party in the proceedings below. Moreover, whether the home and/or real property at issue in this case are the subject matter of Stark County probate proceedings is not in this record.

**{¶72}** As Darla contends, the absence of a necessary party to a lawsuit is a jurisdictional defect that precludes a court from rendering a declaratory judgment. *Natl. Solid Wastes Mgt. Assn. v. Stark-Tuscarawas-Wayne Joint Solid Waste Mgt. Dist.*, 2009-Ohio-6765, ¶ 17-18, citing *Zanesville v. Zanesville Canal & Mfg. Co.*, 159 Ohio St. 203, 209 (1953).

Case No. 25 NO 0527

**{¶73}** Whether one is a necessary party is contingent on whether the nonparty has a legally protected interest in the subject matter of the case. *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263, 273 (1975). Thus, whether a party is necessary in a declaratory judgment action or must be joined pursuant to Civ.R. 19(A) is determined by assessing whether he has a "legally protectable interest." *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 32 (10th Dist.). "A party is legally affected by a cause of action if the party has a legal interest in rights that are the subject matter of the cause of action." *Rumpke Sanitary Landfill v. State*, 2010-Ohio-6037, ¶ 14. A legal interest is "an interest recognized by law" and is "legally protectable." *Id.*

**{¶74}** Because the factual predicate for Darla's contentions are neither raised nor established by the record, we cannot reach the merits of her arguments.

**{¶75}** Moreover, we note this case was decided below without a motion to amend a pleading to add these allegedly interested parties, without a motion to intervene, and without argument or evidence showing these parties claim to have an interest as Darla contends. Thus, we decline to reach the merits of this argument since the same is speculative and would constitute an advisory opinion. *McGiffin v. Skurich*, 2021-Ohio-2741, ¶ 66-67, citing *Miner v. Witt*, 82 Ohio St. 237 (1910) (7th Dist.) (courts are to decide actual controversies and avoid giving opinions on mere possibilities).

**{¶76}** Thus, this assigned error lacks merit.

Contract Validity

**{¶77}** Darla's sixth and final assigned error asserts:

"The trial court erred in finding the contract valid despite the absence of Dorothy Lichtenwalter's signature as required by law for contracts affecting marital property."

**{¶78}** Here, Darla asserts the land installment contracts between her late father and Sandra and Robert were void because neither contained the decedent's wife's signature, who was a joint owner of the property when the agreements were signed. Darla also claims her mother and the decedent's wife, Dorothy M. Lichtenwalter, was alive when the land installment contracts were executed. Darla claims Dorothy died in October of 2017. Darla asserts Ohio law prohibits one joint tenant from conveying jointly owned property.

{¶79} In response, Sandra counters Darla cannot identify anywhere in the record where evidence was offered showing Dennis was married to Dorothy at the time of the execution of the contracts due to the lack of a trial transcript. We agree.

{¶80} As stated, an appellant has the burden to secure a copy of the relevant transcripts needed in aid of an appeal, and absent a necessary transcript, we must accept the trial court's findings as true. App.R. 9(B); *Chapman v. Chapman*, 2015-Ohio-4833, ¶ 49-50 (11th Dist.). Thus, this assigned error lacks merit since we cannot verify the truth of Darla's assertions from the record, and as such, cannot address this issue on the merits.

{¶81} Furthermore, and regardless of the veracity of Darla's contentions, this argument does not appear to have been raised to the trial court. The failure to raise an issue to a lower court acts as a waiver of the issue on appeal. *Nice v. Akron*, 2023-Ohio-2230, ¶ 19 (9th Dist.) (rejecting arguments raised for the first time on appeal); *State v. Jones*, 2008-Ohio-1536, ¶ 39 (7th Dist.) (finding waiver of postconviction issue not raised to trial court). The waiver doctrine ordinarily precludes a litigant from raising an issue for the first time on appeal. *Id.*

{¶82} Accordingly, Darla's final assigned error lacks merit and is overruled.

## Conclusion

{¶83} In light of the foregoing, Darla's assignments of error lack merit. The trial court's judgment is affirmed.

Waite, P.J., concurs.

Hanni, J., concurs.

Case No. 25 NO 0527

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Noble County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**